Commonwealth, Appellant, *v.* Mason.

Argued November 13, 1967. Before ERVIN, P. J., WATKINS, MONTGOMERY, JACOBS, HOFFMAN, and SPAULDING, JJ. (WRIGHT, J., absent).

*Richard P. Jacob,* Assistant District Attorney, with him *Charles B. Watkins* and *Edwin J. Martin,* Assistant District Attorneys, and *Robert W. Duggan,* District Attorney, for Commonwealth, appellant.

*B. Brown,* with him *George H. Ross* and *Thomas A. Harper,* for appellee.

OPINION BY MONTGOMERY, J., December 14, 1967:

This is an appeal by the Commonwealth from the order of the court below sustaining the demurrers of the defendants Lee Mason and Frank M. Durden, on charges of armed robbery and receiving stolen goods. The case was tried before Hon. ARNOLD D. SMORTO, President Judge, specially presiding, without a jury. Although in his opinion, written later, the trial judge states, "we were treating our decision on the demurrer as a verdict of not guilty", the record and the docket entries show that demurrers were sustained and no verdicts of not guilty entered.

An order sustaining a demurrer to the Commonwealth's evidence in a criminal prosecution is clearly appealable by the Commonwealth. *Commonwealth v.*

*Green,* 210 Pa. Superior Ct. 482, 233 A. 2d 921 (1967). The test in determining the validity of a demurrer is whether the evidence of record and inferences reasonably drawn therefrom support a verdict of guilty. *Commonwealth v. Dennis,* 211 Pa. Superior Ct. 37, 234 A. 2d 53 (1967); *Commonwealth v. Wheeler,* 200 Pa. Superior Ct. 284, 189 A. 2d 291 (1963).

The Commonwealth produced the following evidence. About 2:00 a.m. on November 23, 1966, Robert McGowan stopped for a traffic light in the Borough of Homestead. The defendant Lee Mason approached his car and asked him to drive her to McKeesport. After entering the car Lee Mason asked McGowan if he "would like to have a good time". McGowan agreed, paid her $5.00, whereupon she directed him to a vacant double garage on a side street. As McGowan picked up Lee Mason he saw a grey Pontiac Sedan (1962) pass through the intersection and noticed the occupants looking back at his car. McGowan noticed the first number in the Pontiac license plate was a "7" and the last numbers were "11 U".

McGowan drove his car as directed by Lee Mason into the double garage and proceeded to lock the doors of his car but when his companion objected, he unlocked them. They then sat in the back seat of the car and engaged in sexual intercourse. During this engagement four men appeared, two on each side of the car. The men opened the door of the car and one, identified as Bo Brown, held a six inch knife blade at McGowan's throat, demanding his wallet. McGowan had no wallet but emptied his pockets of $16.00, and gave the men the keys to the car. Although the car had no dome light, the victim was able to see the robbers from the street light outside. The victim testified that Bo Brown gave the knife to Frank Durden, who held the knife on him while two of the other robbers cleaned out the trunk of his car and transported the

articles to the 1962 Pontiac. McGowan again noticed the first and last numbers of the license plate as "7 . . . 11 U". Lee Mason was allowed to leave the car as the men came on the scene. In the process of robbing McGowan, Brown and Durden beat him severely.

Just before the incident Hanna observed Durden in his 1961 Pontiac, bearing license No. 77511U, parked across the street from the corner where McGowan picked up Lee Mason and saw it follow McGowan's car. A detective of the McKeesport police testified that following a police report, he observed Durden driving the Pontiac, license No. 77511U on November 25, 1966. Durden was later arrested as he approached this parked car, in which Lee Mason was then seated.

McGowan positively identified Lee Mason and testified that after examining police photographs he was ninety per cent sure of Durden's identity, but that at the trial he was one hundred per cent sure. The court below sustained the demurrer, apparently, largely on the alleged weakness of the victim's identification as to the defendant Durden. In substance, McGowan was only ninety per cent sure of his identification of Durden at the preliminary hearing, although he made positive identification at the trial. Although the court properly ruled as irrelevant any testimony that the victim was aided in his preliminary identification of Durden by an unknown witness, the fact remains McGowan's preliminary identification from photos was ninety per cent sure. We cannot agree with the court below that the testimony of the victim did not place the defendant Durden at the scene of the crime. The victim's definite identification of Durden at trial was not materially weakened by a "ninety per cent" sure prior identification.

In addition, there is the circumstantial evidence that the police officers observed Durden and Brown following the victim's car; that Lee Mason was allowed to

leave the victim's car at the robbery scene, and was found sitting in Durden's car two days later. Identification need not be positive and certain in order to convict, but need only constitute proof beyond a reasonable doubt. *Commonwealth v. Kloiber,* 378 Pa. 412, 106 A. 2d 820 (1954). Any indefiniteness and uncertainty in the identification testimony goes to its weight. Clearly there was sufficient testimony to support a verdict of guilty of armed robbery, etc., as to the defendant Durden.

The court gave no reason for sustaining the demurrer on the robbery count as to the defendant Lee Mason. She was positively identified by the victim. The circumstances were sufficient to show that she was present and played an important part in the robbery. The evidence shows she acted as the bait for the robbery victim, while the other defendants watched from across the street. She directed the victim to a particular garage and protested when he locked the doors of his car. Her action would support a finding that she had knowledge of, and actively participated in the robbery. After the robbers arrived, she disappeared and was next found in Durden's parked car. An active and knowing participant in the robbery is guilty as a principal, as in the case of one who drives a get-away car. *Commonwealth v. Coyle,* 415 Pa. 379, 203 A. 2d 782 (1964). " 'All who are present aiding and abetting when a felony is committed are equally guilty. . . .' " *Commonwealth v. Reilly,* 200 Pa. Superior Ct. 461, 190 A. 2d 164 (1963), at page 464.

The Commonwealth's evidence was sufficient to support a verdict of guilty of the crimes charged as to both defendants Lee Mason and Frank Durden. The court below erred in sustaining the demurrers.

Order reversed, and a new trial granted.