Commonwealth *v.* La Rosa, Appellant.

Argued June 11, 1970. Before WRIGHT, P. J., WAT-
KINS, MONTGOMERY, JACOBS, HOFFMAN, SPAULDING, and
CERCONE, JJ.

*Louis Lipschitz,* for appellant.

*Henry J. Rutherford,* First Assistant District Attor-
ney, with him *Clarence C. Newcomer,* District Attor-
ney, for Commonwealth, appellee.

204

OPINION BY MONTGOMERY, J., March 23, 1971:

On May 12, 1968, this appellant, Joseph David La Rosa, together with eight other persons, was arrested after a raid of a cabin occupied by them, conducted by the State Police pursuant to a search warrant issued on that date. Several packets of marijuana were found in the cabin but no marijuana was found on appellant's person. However, on the front porch of the cabin the police found a small Manila envelope, with the name Joe written on it, containing a residue of marijuana. One of the nine persons found in the cabin pleaded guilty.

Appellant was indicted for possession of amphetamine and for possession of marijuana. At a trial before the Hon. W. G. JOHNSTONE, JR. and a jury, the jury returned a verdict of not guilty of possession of amphetamine and guilty of possession of marijuana. Motions for a new trial and arrest of judgment having been denied, appellant appeals from the judgment of sentence.

Appellant raises the question, inter alia, of the sufficiency of the evidence to support his conviction. It is our opinion that the evidence is clearly insufficient to sustain his conviction, and that, therefore, appellant must be discharged. This case is controlled by the recent decision of our Supreme Court in *Commonwealth v. Tirpak*, 441 Pa. 534, 272 A. 2d 476 (1971), and companion cases, which reversed our decision in *Commonwealth v. Tirpak*, 216 Pa. Superior Ct. 310, 263 A. 2d 917 (1970), and held that where the hostess of a "pot party" pleaded guilty to possession of and using narcotics, her guests who did not have marijuana on their persons but were in the same room with and in close proximity to marijuana which was in their plain view cannot be held for the crime of possession.

Therefore, the judgment of sentence is reversed and the defendant is discharged.

WRIGHT, P. J., would affirm on the opinion of Judge JOHNSTONE, JR.

WATKINS, J., dissents.