Commonwealth *v.* Updegrove, Appellant.

8

Argued September 11, 1972. Before WRIGHT, P. J., WATKINS, JACOBS, HOFFMAN, SPAULDING, CERCONE, and PACKEL, JJ.

Donald H. Lipson, for appellant.

W. F. Steigerwalt, Assistant District Attorney, with him George J. Joseph, District Attorney, for Commonwealth, appellee.

OPINION BY HOFFMAN, J., November 16, 1972:

Appellant contends that the evidence produced at trial was insufficient to support a conviction for the possession of narcotics and dangerous drugs—namely LSD and marijuana.

Pursuant to a valid search warrant, the police appeared at 409 Liberty Street in Allentown on August 6, 1972. The warrant gave the police the authority to search the apartment of Stephen Artjuch who resided at that address. Upon entering the building, the police noticed that both Artjuch's name and the appellant's name appeared on the mailbox. Artjuch was the sole occupant of the apartment, but he permitted the appellant to enter and leave the premises at will. After seeing the mailbox, the police proceeded to the apartment. Artjuch was absent from the apartment, but the police were admitted by the appellant who was present in the apartment along with one Reinhard. During the course of the search, the police discovered nine marijuana cigarettes on the kitchen table. They also found a plastic box containing LSD lying among the appellant's personal effects on the bedroom floor.

Presence at the scene of the crime is not of critical importance in a drug possession case. *Commonwealth v. Reece*, 437 Pa. 422, 427, 263 A. 2d 463 (1970). In the crime of narcotics possession, presence at the scene alone cannot implicate a party in the crime which "by its very nature is unique to the individual. By definition, the possessor is the only person who could commit this crime." *Reece*, supra. In *Commonwealth v. Tine*, 221 Pa. Superior Ct. 318, 292 A. 2d 483 (1972), this

Court reversed a conviction for the possession of narcotic drugs where the drugs were lying on the kitchen table in plain view of the appellant therein who was a guest sitting in the living room. "Mere knowledge of presence does not establish possession or control of contraband drugs. Under the circumstances of the present case, appellant could not be found to have been in possession or control of the seized drugs." *Tine,* supra, 221 Pa. Superior Ct. at 321. The evidence herein with respect to the marijuana is less sufficient to convict appellant than the evidence which the court found deficient in *Tine.* The appellant was one of only three people with access to the drugs. Just as in *Commonwealth v. Tirpak,* 441 Pa. 534, 272 A. 2d 476 (1971) ; *Commonwealth v. La Rosa,* 218 Pa. Superior Ct. 203, 275 A. 2d 693 (1971) ; and *Commonwealth v. Schulhoff,* 218 Pa. Superior Ct. 209, 275 A. 2d 835 (1971), there is insufficient evidence to find that the marijuana was in the possession of the appellant.

Since the LSD was lying among appellant's personal effects, there can be no doubt that the evidence was sufficient to convict the appellant on that count. The conviction for possession of LSD should be remanded for resentencing, however, in light of the New Drug Act which went into effect following the imposition of sentence on the appellant, but before this direct appeal was finally decided. *Commonwealth v. Simpson,* 222 Pa. Superior Ct. 296, 294 A. 2d 805 (1972).

The conviction for the possession of marijuana is reversed and the conviction for possession of LSD remanded for resentencing under the New Drug Act.

WRIGHT, P. J., would affirm on the opinion of KOCH, P. J.

WATKINS and PACKEL, JJ., dissent.