Commonwealth *v.* Sungenis, Appellant.

Argued December 8, 1972. Before WRIGHT, P. J., WATKINS, JACOBS, HOFFMAN, SPAULDING, CERCONE, and PACKEL, JJ.

*Paul E. Kanjorski,* with him *A. Peter Kanjorski, Jr.,* and *Kanjorski and Kanjorski,* for appellant.

*Paul R. Mahler*, Assistant District Attorney, with him *Jerome L. Cohen*, Assistant District Attorney, *Daniel F. Daley*, First Assistant District Attorney, and *Patrick J. Toole, Jr.*, District Attorney, for Commonwealth, appellee.

OPINION BY HOFFMAN, J., March 27, 1973:

Appellant contends that the evidence introduced during the course of his trial was not sufficient to sustain a conviction for the possession of marijuana.

Pursuant to a search warrant, Wilkes-Barre police officers and Pennsylvania State Troopers entered an apartment situated at 370 South Franklin Street in Wilkes-Barre. This apartment was leased by John Banks and Roger Whitesell who was present in the apartment along with the appellant, a visitor in the apartment, and three other individuals at the time that the warrant was executed. When the officers entered the apartment, the appellant was seated between two other parties on a couch in the living room. The policeman discovered marijuana seeds secreted under the pillows on the couch and found a residue of marijuana in a pie dish which was on the floor between the couch and a chair to the left of the couch. In addition, the officers uncovered marijuana hidden in various drawers and closets throughout the apartment. Roger Whitesell subsequently pled guilty to the possession of the marijuana found in his apartment.

These facts are similar to those in *Commonwealth v. Tirpak*, 441 Pa. 534, 272 A. 2d 476 (1971) where the police entered a home pursuant to the authority given to them by a warrant. Seven people were found in the game room where the police saw an open jar of marijuana and an ashtray with four marijuana cigarette butts. The jar was in the center of the room, but was in plain view to the occupants of that room. The Su-

preme Court held that such evidence was insufficient to convict an individual under the theory of joint possession. As in the instant matter, the party residing in the house pled guilty to the crime of possession.

Since the crime of narcotics possession is by its nature unique to the individual, presence at the scene of such a crime is alone not enough to implicate a party in the commission of the crime. *Commonwealth v. Reece*, 437 Pa. 422, 427, 263 A. 2d 463 (1970); *Commonwealth v. Updegrove*, 223 Pa. Superior Ct. 7, 296 A. 2d 854 (1972). "'Mere knowledge of presence does not establish possession or control of contraband drugs.'" *Commonwealth v. Updegrove*, supra. Thus, there is insufficient evidence to convict the appellant of possession even if he was aware of the presence of marijuana in Whitesell's apartment.

The conviction is reversed.

WRIGHT, P. J., and WATKINS, J., dissent.