## Commonwealth *v.* Shealey, Appellant.

Argued April 16, 1975. Before WATKINS, P. J., JACOBS, HOFFMAN, CERCONE, PRICE, VAN DER VOORT, and SPAETH, JJ.

*Clencie L. Cotton,* for appellant.

*Louis R. Paulick,* Assistant District Attorney, with him *Robert L. Eberhardt,* Assistant District Attorney,

*John M. Tighe,* First Assistant District Attorney, and *John J. Hickton,* District Attorney, for Commonwealth, appellee.

OPINION BY HOFFMAN, J., June 24, 1975:

Appellant raises three contentions: first, that the police presented insufficient evidence to justify the issuance of a search warrant; second, that the lower court erred in failing to grant reconsideration of post-trial motions based on after-discovered evidence; third, that appellant did not voluntarily and knowingly waive his right to trial by jury. Because none of these contentions are meritorious, we affirm appellant's conviction.

On October 26, 1972, Officer Earl Buffard of the Pittsburgh Police Department obtained a search warrant permitting a search of appellant's vehicle and apartment. The affidavit in support of the warrant recited the following facts: that the affiant had received information from an informant during the week of October 15, 1972, that he had purchased narcotics from the appellant while appellant was seated in his vehicle and subsequently, at the home of appellant; that the affiant set up surveillance of appellant's automobile on October 23, 24, and 25, 1972, and that he observed a number of people approach the vehicle and exchange money and packages with appellant; that the informant was reliable and that in the past, information received from the individual had led to the arrest of three named persons.

The warrant was executed on October 27, 1972. A plastic bag filled with marijuana was found in the automobile. A subsequent search of appellant's residence revealed a large quantity of marijuana. Appellant was indicted on a bill charging three counts of violation of The Controlled Substance, Drug, Device and Cosmetic Act.[1] Appellant filed a motion to suppress the physical evidence.

---

1. Act of April 14, 1972, P.L. 233, No. 64, §13, imd. effective, as amended 1972, Oct. 26, P.L. 1048, No. 263, §1, imd. effective.

The motion was denied on July 10, 1973. On the same day, appellant waived his right to trial by jury and was found guilty of possession of marijuana by Judge FIOK. Post-trial motions were denied on October 21, 1974.

The test for sufficiency of a search warrant based on an informant's tip was set out in *Aguilar v. Texas*, 378 U.S. 108 (1964), and *Spinelli v. United States*, 393 U.S. 410 (1969). The affidavit must afford the issuing magistrate with a basis to conclude that the informant is reliable and that the informant was in fact in a position to know that criminal activity was afoot. In the instant case, the affiant provided ample evidence of the informant's reliability. In fact, the affiant went beyond the usual recitation of reliability when he provided the names of specific individuals apprehended as a result of the informant's cooperation. Further, there is no doubt as to how the informant learned that the appellant was selling drugs; the informant purchased drugs personally both on the street and in appellant's apartment. Hence, ample probable cause existed to justify the issuance of the search warrant.

Appellant next contends that the court erred in denying appellant's application for reconsideration of his motion for a new trial. The appellant wanted to present "after-discovered" evidence. The test for whether a new trial will be granted on the grounds of after-discovered evidence was stated in *Commonwealth v. Hanes*, 162 Pa. Superior Ct. 206, 57 A. 2d 165 (1948), and recently reaffirmed in *Commonwealth v. Coleman*, 438 Pa. 373, 376-77, 264 A.2d 649, 651 (1970) : "the evidence in question (1) has been discovered after the trial and could not have been obtained at or prior to the conclusion of the trial by the exercise of reasonable diligence; (2) is not merely corroborative or cumulative; (3) will not be used solely for impeaching credibility of a witness; and (4) is of such nature and character that a different verdict will likely result if a new trial is granted." The appellant's

"after-discovered" evidence consisted of his employment wage records that were intended to show that he was not selling narcotics at specific times. It is clear that this evidence was readily available to appellant well in advance of trial.

Finally, appellant contends that his waiver of a trial before a jury was not voluntarily made. Specifically, the appellant argues that "he did not understand . . . that a jury will be chosen from members of the community, or would consist of a jury of his peers." Appellant attempts to base his argument on *Commonwealth v. Williams*, 454 Pa. 368, 312 A.2d 597 (1973). *Williams* did hold that a defendant must be apprised on record of all the essential aspects of a jury trial before a court can find a valid waiver. *Williams*, however, was specifically held prospective only in *Commonwealth v. Lockhart*, 227 Pa. Superior Ct. 503, 322 A.2d 707 (1974). The colloquy in the instant case, conducted prior to the Court's decision in *Williams*, is extensive and adequate under pre-*Williams* law. See *Commonwealth v. Miranda*, 222 Pa. Superior Ct. 158, 292 A.2d 473 (1972).

Judgment of sentence is affirmed.