Commonwealth *v.* Williams, Appellant.

Argued April 17, 1975. Before WATKINS, P. J., JACOBS, HOFFMAN, CERCONE, PRICE, VAN DER VOORT, and SPAETH, JJ.

*Alan Frank,* with him *Frank & Radakovich,* for appellant.

*Charles W. Johns,* Assistant District Attorney, with him *Robert L. Eberhardt,* Assistant District Attorney, *John M. Tighe,* First Assistant District Attorney, and *John J. Hickton,* District Attorney, for Commonwealth, appellee.

OPINION BY PRICE, J., September 22, 1975:

The appellant was tried and convicted before the Honorable Donald E. ZIEGLER, sitting without a jury, of conducting gambling operations.[1] Following the denial of motions for a new trial and arrest of judgment, this appeal was taken. Appellant here raises two alleged points of error. We find no merit to appellant's arguments and will, therefore, affirm the judgment of the lower court.

The facts as recited in Judge ZIEGLER's excellent opinion reveal the following: on December 15, 1973, Trooper Larry Dunmire of the Pennsylvania State Police secured a search warrant based on information supplied him by a confidential informant.[2] The informant stated that he had placed football wagers by telephone at numbers 279-2089 and 279-8746 on December 8, 9, 10, and 15, 1973.

Trooper Dunmire and three other police officers arrived at defendant's property at approximately 3:15 p.m. The police knocked on the side door and after about

---

1. Act of Dec. 6, 1972, P.L. 1482, No. 334, §1 (18 Pa.C.S. §5513). Act of Dec. 6, 1972, P.L. 1482, No. 334, §1 (18 Pa.C.S. §5514).

2. The probable cause section of the affidavit reads as follows: "On 15th December 1973, this officer received information from a reliable, confidential informant, that he (informant) had personally placed football bets based on professional football games on 8, 9, 10, 15, December, 1973, with Adolph Williams, Salvatore Williams and William C. Regan via telephone number 279-2089 and 279-8746.

This confidential informant has in the past furnished reliable information which has led to the arrest and conviction of the following persons in Allegheny County Court, Pittsburgh, Pa., on the charge of lotteries: Janet Marie Petroci, Mike Evosevich, and Harry Eslami.

Information leading to the arrest and conviction of Petroci was furnished to this officer and the information leading to the arrest and conviction of Eslami was furnished to Trooper Michael Zampogna, B.C.I. Harrisburg, Pa."

30 seconds, the appellant opened the curtain on the door. After Trooper Paraska identified the officers and stated their purpose, the appellant closed the curtain and ran from the door. The officers waited approximately 30 seconds more and then broke through the side door.

The troopers served a copy of the search warrant on appellant and advised him of his rights under *Miranda v. Arizona*, 384 U.S. 436 (1966). Appellant told the police that he was involved in the gambling operation, but that Joseph Regan, who was also present at the time, was not involved and should not be prosecuted. The officers conducted the search and confiscated $5,200 in cash and various gambling paraphernalia: line sheets, rice paper, wager lists, tablets, a pocket computer, and a slot machine. In addition, while the officers were conducting the search, they answered the telephones and recorded bets amounting to $200. When the police answered these calls, appellant would attempt to shout to the callers, "Don't say anything!" Each caller asked for "Junior." Defendant's complete name is Adolph Williams, Jr.

Appellant first argues that there was insufficient probable cause for the issuance of the warrant. The standard for determining the sufficiency of the affidavit was enunciated in *Aguilar v. Texas*, 378 U.S. 108 (1964): "Although an affidavit may be based on hearsay information and need not reflect the direct personal observations of the affiant, (citation omitted), the magistrate must be informed of some of the underlying circumstances from which the informant concluded that the [objects to be seized] were where he claimed they were, and some of the underlying circumstances from which the officer concluded that the informant, whose identity need not be disclosed, (citation omitted), was 'credible' or his information 'reliable.' " 378 U.S. at 114-115. In other words, the affiant must give the magistrate facts sufficient to enable him to determine: (1) that the affiant

is probably correct in his belief that the informer is reliable, and (2) that what the informer told the affiant is probably correct. *Commonwealth v. Samuels,* 235 Pa. Superior Ct. 192, 340 A.2d 880 (1975). The first requirement is met where the affidavit either sets forth the manner in which the informant gleaned his information or describes the criminal activity in detail, and the second requirement is fulfilled by establishing the informant's past reliability. *Commonwealth v. Soychak,* 221 Pa. Superior Ct. 458, 289 A.2d 119 (1972).

On its face, the affidavit appears to fully satisfy the *Aguilar* standards.[3] The affidavit states that the informant personally placed football bets with appellant and two others beginning several days before the issuance of the warrant, and continuing up to the very day the warrant was secured. The informant's reliability was established by the in-depth description of past convictions for which his information was, in large part, responsible. Appellant argues that because the informant did not give an address, but merely gave the telephone numbers where the bets were placed and because there was no indication as to how the informant knew it was appellant with whom he talked over the telephone, the warrant should not have been issued.

When determining if probable cause does exist, we must bear in mind: "that only the probability, and not a prima facie showing, of criminal activity is the standard of probable cause, (citation omitted) ; that affidavits of probable cause are tested by much less rigorous standards than those governing the admissibility of evidence at trial, (citation omitted) ; that in judging probable cause issuing magistrates are not to be con-

---

3. Pa. R. Crim. P. 2003 (a) provides in pertinent part: "No search warrant shall issue but upon probable cause supported by one or more affidavits sworn to before the issuing authority. The issuing authority, in determining whether probable cause has been established, may not consider any evidence outside the affidavit."

fined by niggardly limitations or by restrictions on the use of their common sense, (citation omitted) ; and that their determination of probable cause should be paid great deference by reviewing courts, (citation omitted)." *Spinelli v. United States*, 393 U.S. 410, 419 (1969). Applying these standards, we conclude that the problems envisioned by appellant are not of sufficient magnitude to warrant reversal.

Before giving the affidavit to the magistrate, Trooper Dunmire wrote on it a description of the premises to be searched. A common sense reading of the facts in the affidavit, *cf., Commonwealth v. Deren*, 233 Pa. Superior Ct. 373, 337 A.2d 600 (1975), would indicate that the police cross-checked the telephone numbers to determine the address. Trooper Dunmire later testified at the suppression hearing that he did, in fact, determine the address by use of a cross-index book, and that he then further checked the address by use of the public directory. Similar procedure has been upheld by our court in *Commonwealth v. DeLuca*, 230 Pa. Superior Ct. 390, 326 A.2d 463 (1974).

As to appellant's contention that the affidavit was defective because there were no underlying facts sufficient to determine how the informant knew that he was placing bets with the appellant, we simply repeat the requirement mandating a logical reading of the affidavit. In any event, in determining the sufficiency of the affidavit to support the issuance of the warrant, we fail to see the significance of the alleged omission.

Appellant then argues that the lower court committed reversible error when it refused to hold an *in camera* interview with the informant. Specifically, appellant claims that there was, in fact, no informant, and that, in effect, the State Police Officers fabricated the entire case presented to the magistrate.

The question of disclosure of the identity of an informant has been dealt with by the courts of the nation

and of the Commonwealth. *Roviaro v. United States,* 353 U.S. 53 (1957) ; *Commonwealth v. Carter,* 427 Pa. 53, 233 A.2d 284 (1967). However, the courts have not promulgated a standard rule, preferring instead to proceed on a case by case basis. *Commonwealth v. Pritchett,* 225 Pa. Superior Ct. 401, 312 A.2d 434 (1973). The Supreme Court of the United States stated in *Roviaro v. United States, supra*: "The problem is one that calls for balancing the public interest in protecting the flow of information against the individual's right to prepare his defense. Whether a proper balance renders nondisclosure erroneous must depend on the particular circumstances of each case, taking into consideration the crime charged, the possible defenses, the possible significance of the informer's testimony, and other relevant factors." 353 U.S. at 62.

The decisions from the Commonwealth have required disclosure of the identity of the informer when such disclosure would be helpful to the accused's defense.[4] *Commonwealth v. Garvin,* 448 Pa. 258, 293 A.2d 33 (1972) ; *Commonwealth v. Carter, supra.* In *Carter,* the court held that the identity of the informer was useful to the defense, and required disclosure. The court felt the testimony of the informer was persuasive as it came from a neutral source. The court was "reluctant to permit the establishment of facts crucial to criminal guilt solely by police testimony based on a single observation where testimony from a more disinterested source is available." 427 Pa. at 61, 233 A.2d at 288.

However, in *Commonwealth v. Garvin, supra,* the court refused to order disclosure because it would in no way aid the defense. The two victims in *Garvin* made positive identifications of the defendant, and the court concluded that this neutral corroborating evidence was

---

4. Examples of defenses which would require disclosure are entrapment and mistaken identity.

sufficient to sustain the conviction, thus foreclosing the need for disclosure. In any event, the accused has the burden of producing evidence in support of his motion for disclosure, and the mere allegation that the informant's testimony *might* be helpful will not suffice. *Commonwealth v. Pritchett, supra.*

In the instant case, appellant is not alleging that the informant's testimony will aid his defense. He is rather contending that there is no informant. The question is one of credibility for the trier of fact. The trial court heard the testimony of the police officers and concluded that their testimony was credible. It is the province of the trier of fact to believe or disbelieve all or none of the testimony offered, and when supported by the record, we will not invade that province. *Commonwealth v. Johnson,* 457 Pa. 554, 327 A.2d 632 (1974). We see nothing in the present record which requires us to substitute our decision for that of the lower court.

Judgment of sentence affirmed.

HOFFMAN, J., concurs in the result.