389 A.2d 640

COMMONWEALTH of Pennsylvania

v.

Pamela Ann HUNT, Appellant.

Superior Court of Pennsylvania.

Argued March 15, 1978.

Decided July 12, 1978.

John R. Gailey, Jr., York, for appellant.

Donald L. Reihart, District Attorney, York, submitted a brief for Commonwealth, appellee.

Before JACOBS, President Judge, and HOFFMAN, CERCONE, PRICE, VAN der VOORT, SPAETH and HESTER, JJ.

PRICE, Judge:

Following a non-jury trial on October 6, 1976, appellant was convicted of possession of a controlled substance with

intent to deliver,[1] namely marijuana. Motions for a new trial and in arrest of judgment were dismissed by the lower court, and appellant was sentenced to imprisonment for one to twelve months. Appellant raises three issues for our consideration. Appellant contends that the lower court erred in refusing to suppress certain evidence pre-trial, that there was insufficient evidence to convict and that appellant's demurrer should have been sustained, and that the Commonwealth did not adequately demonstrate appellant's intent to deliver the marijuana. For the reasons set forth herein, we affirm.

Facts essential to our disposition of this appeal are the following. On May 19, 1976, officers of the York City Police Department appeared at a three story residence at 234 Elm Terrace, York, to execute a search warrant. Appellant, another adult and two children were in the house. Police gave *Miranda* warnings to the adults and explained to them the contents of the warrant. In their search, police uncovered a small marijuana plant on an enclosed porch and approximately eight plastic packets of marijuana in a brown bag on a bedroom closet floor. In addition, police found small scales, a tin box containing green and clear colored capsules, numerous packs of papers for rolling cigarettes and a box containing yellow pills, later identified as vitamins, among other things.

At trial, the Commonwealth produced testimony from two police officers involved in the search that the brown bag containing eight plastic packets of marijuana and approximately 100 capsules later discovered to be PCP[2] were found in appellant's bedroom. Appellant did not testify or present any evidence.

Appellant first contends that the lower court erred in refusing to suppress the evidence obtained in the May 19th search. Appellant asserts that although the warrant was

1. The Act of April 14, 1972, P.L. 233, No. 64, § 13, *as amended* (35 P.S. § 780–113(a)(30)).

2. Appellant was not charged with possession of this controlled substance.

issued solely upon information received from a confidential informant there was "no surveillance nor independent facts within the personal knowledge of the affiant to aid the magistrate in determining whether there was probable cause." (Appellant's brief at 6).

In accordance with *Aguilar v. Texas*, 378 U.S. 108, 84 S.Ct. 1509, 12 L.Ed.2d 723 (1964), and *Spinelli v. United States*, 393 U.S. 410, 89 S.Ct. 584, 21 L.Ed.2d 723 (1969), our appellate courts have often reiterated that in order for there to be a valid finding of probable cause to issue a search warrant when the affiant relies upon information derived from an informant, the issuing magistrate must be satisfied (1) that the informant had knowledge of facts sufficient to conclude that the suspect was involved in criminal activity, and (2) that the affiant is justified in believing that the informant is reliable. *Commonwealth v. Davis*, 466 Pa. 102, 351 A.2d 642 (1976); *Commonwealth v. Burch*, 248 Pa.Super. 8, 374 A.2d 1291 (1977); *Commonwealth v. Early*, 236 Pa.Super. 60, 345 A.2d 197 (1975); *Commonwealth v. Shealey*, 234 Pa.Super. 516, 340 A.2d 471 (1975); *Commonwealth v. Kline*, 234 Pa.Super. 12, 335 A.2d 361 (1975).

The probable cause section of the affidavit in the instant case stated:

"I was told on May 19, 1976 by a confidential informant, whom I believe to be reliable because on different occassions [sic] the informant has given Det. Larry Myers of Spring Garden Police Dept. information which has proven to be correct and true. Also the information has lead to several arrest. A check with Det. Myers has verified informants reliability. That on May 14, 1976 was at 234 Elm Terrace and personally observed a large quantity of pills (capsules) green and white in color represented to be THC (which is a controlled substance) Again on May 16, 1976 the informant again visited 234 Elm Terrace and personally observed a large quantity of pills (capsules) green and white in color represented to be THC and he also saw approx. an ounce of marijuana, both of which are controlled substances. On both dates described above a large quantity of pills is meant to be 700 to 800 pills."

Appellant does not contend that the first of the *Aguilar-Spinelli* criteria has not been met, but rather insists that the Commonwealth has not established the reliability of the informant. Appellant asserts that the affidavit shows no more than that the "reliable informant" was "a neighborhood gossip—a source of rumor." (Appellant's brief at 9). Appellant contends that an individual who was "merely" responsible for three juveniles being placed on probation cannot thereby be considered a reliable informant.

It is well settled that an informant's reliability may be established in several ways: (1) Did the informant give prior reliable information? (2) Was the informant's story corroborated by any other source? (3) Were the informant's statements a declaration against interest? (4) Does the defendant's reputation support the informant's tip? *Commonwealth v. Ambers,* 225 Pa.Super. 381, 310 A.2d 347 (1973). In the instant case, the affidavit shows that the affiant was relying upon information received from a second officer attesting to the informant's past reliability. We said in *Commonwealth v. Archer,* 238 Pa.Super. 103, 109, 352 A.2d 483, 486 (1975):

> "While past reliability is most often established through a showing of convictions which resulted from information supplied by the informer, *e.g., Commonwealth v. Williams,* 236 Pa.Super. 184, 345 A.2d 267 (1975); *Commonwealth v. Ambers,* [225 Pa.Super. 381, 310 A.2d 347 (1973)] there is no logical reason for mandating that all information lead to convictions before reliability is established."

Appellant argues that the informant here should not be considered a reliable one because prior information given by him led only to the apprehension of youths and their consequent administrative treatment and placement on probation. Just as information leading to arrests without convictions can establish reliability, *Commonwealth v. Archer, supra,* so can information which leads to the apprehension and ultimate probation of several youths. That the juveniles were dealt with in administrative proceedings rather than adult criminal proceedings does not negate the informant's relia-

bility. The important fact is that the informant gave prior information implicating other individuals in criminal activity, which information proved to be correct.

Appellant next contends that the lower court erred in refusing to sustain her demurrer to the evidence because the Commonwealth's evidence was insufficient to establish that the bedroom searched was appellant's. In order for the trial judge properly to overrule a demurrer following the close of the prosecution's case, the Commonwealth's evidence together with all reasonable inferences therefrom must be sufficient to support a jury finding of guilt beyond a reasonable doubt. *Commonwealth v. Carroll,* 443 Pa. 518, 278 A.2d 898 (1971); *Commonwealth v. Kelly,* 245 Pa.Super. 351, 369 A.2d 438 (1976); *Commonwealth v. Mason,* 211 Pa.Super. 328, 236 A.2d 548 (1967).

In *Commonwealth v. DeCampli,* 243 Pa.Super. 69, 364 A.2d 454 (1976), a defendant urged that because other people had been in his apartment, the evidence presented in a drug possession case was not sufficient to show that he was in possession of the contraband seized from his home. In *DeCampli,* the Commonwealth proved that the defendant was in fact the sole occupant of the dwelling by producing utility bills addressed to him. Judge Hoffman, writing for a majority of this court, noted that:

"[I]llegal possession of drugs is a crime which is unique to the individual and which, by definition, can only be committed by the possessor. Guilt by association is unacceptable. [Citations omitted]. Absent literal possession, the Commonwealth may sustain its burden by showing constructive possession, which requires that the Commonwealth prove that the accused had the power to control the contraband and the intent to exercise that control. [Citations omitted]. 'Undoubtedly, the fact of possession loses all persuasiveness if persons other than the accused had equal access with him to the place in which the property was discovered.' [Citations omitted]. It is equally true, however, that constructive possession may properly be inferred from the totality of circumstances

which attend each case." 243 Pa.Super. at 74–75, 364 A.2d at 456.

In *DeCampli,* the court rejected the notion that visitors might have deposited the contraband there. The court especially noted that the locations of the contraband refuted the defendant's explanation. The drugs were concealed in a bedroom, in a jewelry box and on a dresser top. These were deemed to be places "peculiarly within the control of the accused." *Commonwealth v. DeCampli, supra* at 75, 364 A.2d at 456–57 (citations omitted).

In another case, *Commonwealth v. Hannan,* 229 Pa.Super. 540, 331 A.2d 503 (1974), pursuant to a search warrant drugs were found in several locations in a seven-bedroom home, including in a purse inside a dresser drawer. In addition to the Hannans, several visitors and boarders occupied the residence at the time of the search. Mrs. Hannan admitted ownership of the handbag, and she stated that the bedroom had formerly been occupied by her husband and her. This court found that the drugs located in appellant's dresser drawer could be concluded to be in appellant's dominion or control.

A third case which we will consider is *Commonwealth v. Ferguson,* 231 Pa.Super. 327, 331 A.2d 856 (1974), in which we found that constructive possession was adequately established where heroin was found underneath a defendant's desk in his garage and scattered in other places within the garage. Although other people entered the premises at various times, this court found that under the circumstances appellant's ownership and control were adequately established. We said:

> "There is no evidence indicating that other persons shared this operation [of the garage] with him. Since heroin was found inside the garage, it may be concluded that appellant had the power to control the heroin.

> To prove the intent to control the heroin it had to be demonstrated that appellant knew the heroin was in his garage. (Citation omitted). There is no direct evidence to show that appellant did know the heroin was in his

garage, but this knowledge can be inferred from the surrounding circumstances." (Citation omitted), 231 Pa. Super. at 332, 331 A.2d at 859–60.

The *Ferguson* court went on to distinguish the circumstances in that case with those in *Commonwealth v. Fortune,* 456 Pa. 365, 318 A.2d 327 (1974). In *Fortune,* heroin packets were found on the kitchen floor. The resident was upstairs when police arrived to search, and four visitors were seated in the first floor living room. Under those circumstances, the court was not satisfied that the location of the contraband, the kitchen floor, was in the exclusive province of the resident, and therefore, control and intent were not established.

In the instant case, as in *Ferguson* and *DeCampli,* the location of the contraband, a bedroom closet, was one which would be "normally accessible only to the [owner]." *Commonwealth v. Ferguson, supra* 231 Pa.Super. at 333, 331 A.2d at 860. The testimony at trial, which went unchallenged on cross-examination, was that the bedroom searched was that of appellant. Furthermore, Detective Gohn testified, when asked if appellant made any statement after her arrest, that: "She stated to me that the capsules which were question [sic] at that time, the 100 capsules of that type, she purchased for .60 cents and returned for $1.00 a piece." (N.T. 9)

The capsules which appellant admitted were hers were found in a dresser drawer located in the same bedroom in which the marijuana was found in the closet. From the Commonwealth's unchallenged evidence and appellant's own admission of ownership of other belongings in the same bedroom, the fact of appellant's ownership of the bedroom was satisfactorily established. Furthermore, because one's bedroom closet is normally in the exclusive province of the individual who possesses the bedroom, and because there is not even a remote indication in this case that persons other than those found on the premises had access to any portion of the residence, it can be concluded from the circumstances that appellant had control and intent to control the marijua-

na adequate to establish constructive possession. Her demurrer was properly denied.

Appellant's third and final contention is that there was insufficient evidence to convict her of possession of marijuana with intent to deliver. Appellant argues that the amount of marijuana recovered, 219.7 grams, or slightly less than one half pound, is not a sufficient quantity from which to derive an inference of intent to deliver.

*Commonwealth v. Santiago,* 462 Pa. 216, 340 A.2d 440 (1975), makes clear that in addition to the quantity of a controlled substance possessed, all of the facts and circumstances surrounding possession are relevant to a determination of intent to deliver. Although the amount of marijuana in this case is significantly less than the quantity of controlled substance involved in *Santiago,* we are persuaded that intent is clearly inferable from the instant facts. *Accord, Commonwealth v. Harris,* 241 Pa.Super. 7, 359 A.2d 407 (1976). Here, the marijuana was divided into a number of small packages and stored in a larger brown bag. A small scale, commonly used in preparing marijuana for sale, was found on the premises. Further, appellant admitted that she sold PCP capsules, also found in her bedroom, for a 40% profit. The evidence produced was clearly sufficient to convict appellant of possession of marijuana with intent to deliver.

The judgment of sentence is affirmed.

JACOBS, President Judge, and ·VAN der VOORT and HESTER, JJ., join in this opinion.

HOFFMAN, J., files a dissenting opinion in which CERCONE and SPAETH, JJ., join.

HOFFMAN, Judge, dissenting:

Appellant contends that the lower court erred in (1) refusing to grant her motion to suppress, (2) overruling her demurrer to the Commonwealth's evidence, and (3) finding sufficient evidence to convict appellant of possession of marijuana with intent to deliver. I agree that the lower

court erred in overruling appellant's demurrer because the Commonwealth failed to prove that appellant possessed the drugs in question. Therefore, I would reverse and discharge appellant.

On October 6, 1976, appellant received a non-jury trial in the York County Court of Common Pleas on a charge of possession of a controlled substance with intent to deliver.[1] The Commonwealth presented the following evidence. On May 19, 1976, at approximately 8:00 p.m., two officers of the York City Police Department entered a three story house at 234 Elm Terrace, York, pursuant to a search warrant. Upon entering the premises, the officers discovered appellant, another adult, and two children. The officers took appellant and the other adult into the kitchen where the officers informed them of their rights and of the contents of the search warrant.

In searching the house, the officers found a small marijuana plant on an enclosed porch and several clear plastic bags of marijuana in a brown paper bag on the bottom of a closet in a second story bedroom. The bags contained a total of about one-half pound of marijuana.[2]

At the close of the Commonwealth's case, appellant demurred to the evidence. The lower court overruled appellant's demurrer. Appellant did not testify or present any defense. The lower court found appellant guilty and imposed a sentence of not less than one nor more than twelve months imprisonment. This appeal followed.

Appellant contends that the lower court erred in overruling her demurrer to the Commonwealth's evidence. Specifically, appellant contends that the Commonwealth failed to prove that she had possession of the marijuana confiscated from the searched premises. I agree.

---

**1.** The Controlled Substance, Drug, Device and Cosmetic Act, Act of April 14, 1972, P.L. 233, No. 64, § 13, as amended, October 26, 1972, P.L. 1048, No. 263, § 1; 35 P.S. § 780–113(a)(30).

**2.** The officers also found approximately 100 pills in a dresser drawer in the same bedroom. Subsequent chemical analysis revealed that the pills were PCP. The Commonwealth did not charge appellant with possession of this controlled substance.

When the offense charged is possession of contraband and the defendant does not have literal possession of the contraband, the Commonwealth can only prove the offense by demonstrating that the defendant exercised conscious dominion and control over the item. *Commonwealth v. Davis*, 444 Pa. 11, 280 A.2d 119 (1971). Thus, the Commonwealth must prove that the defendant "has the power to control and the intent to control the item. . . ." *Commonwealth v. Ferguson*, 231 Pa.Super. 327, 331, 331 A.2d 856, 859 (1974). The Commonwealth need not prove possession by direct evidence; circumstantial evidence of the power and the intent to exercise control may establish possession sufficiently to sustain a conviction for possession of drugs. *Commonwealth v. Ferguson, supra.* However, "since the crime of narcotics possession is by its nature unique to the individual, presence at the scene of such a crime is alone not enough to implicate a party in the commission of the crime." *Commonwealth v. Sungenis*, 223 Pa.Super. 517, 519, 303 A.2d 524, 525 (1971). " '[T]he fact of possession loses all persuasiveness if persons other than the accused had equal access . . to the place in which the property was discovered . . . .' *Commonwealth v. Davis*, 444 Pa. 11, 16, 280 A.2d 119, 121 (1971), *quoting* 9 J. Wigmore, Evidence § 2513 (3d ed. 1940). When the crime charged is the illegal possession of narcotic drugs, the presence of a person at the scene, without a consideration of the totality of the circumstances, does not prove the crime." *Commonwealth v. Fortune*, 456 Pa. 365, 369, 318 A.2d 327, 329 (1974).

In *Commonwealth v. Tirpak*, 441 Pa. 534, 272 A.2d 476 (1971), police officers entered a house pursuant to a warrant and found seven people, including four appellants, in the game room. The police found marijuana in an open jar in the center of the room as well as marijuana butts in an ashtray. The Commonwealth conceded that there was no marijuana on the person of any appellant nor was any appellant smoking marijuana. In reversing the convictions for drug possession, our Supreme Court held:

"Under these circumstances, the basis of the Commonwealth's case was the legal theory of constructive or joint possession. The Commonwealth attempts to prove this by proof of the appellants at the scene, opportunity to commit or join in the possession or control of the marijuana, guilt by association, and suspicion or conjecture. Under these particular facts and circumstances, this is not sufficient to prove beyond a reasonable doubt that these four defendants were guilty of . . . the possession or control of [drugs]." *Commonwealth v. Tirpak, supra,* 441 Pa. at 537, 272 A.2d 476, at 478.

An evaluation of the facts of the instant case reveals that the Commonwealth failed to prove that appellant exercised the requisite dominion and control over the marijuana found in the bedroom closet. At trial, one of the arresting officers testified that he found the marijuana in the closet of "the first bedroom off to the left at the top of the stairs which was later to be [appellant's] bedroom." However, the Commonwealth did not establish that appellant occupied the bedroom in question. The Commonwealth did not demonstrate that any books, items of clothing, or other property in the bedroom belonged to appellant, nor did appellant admit to occupying the bedroom. Moreover, the Commonwealth never established that appellant either owned or leased the premises. Finally, the fact that another person was present in the house and had equal access to the place where the contraband was found further negates any proof of appellant's possession of the marijuana. *Commonwealth v. Davis, supra.* In sum, the Commonwealth only proved that police officers found marijuana in a bedroom closet in a house at 234 Elm Terrace and that appellant and another adult were present in the house. This evidence does not establish the conscious dominion and control over the marijuana necessary to prove possession. *Commonwealth v. Tirpak, supra; Commonwealth v. Sungenis, supra.*[3] By failing to present any

**3.** In its opinion, the lower court stated that "whether or not any testimony that the bedroom was that of defendant was a conclusion, it remained unrebutted. This was sufficient to support the factual determination that defendant was the person in possession of mari-

evidence establishing appellant's connection with the searched bedroom, the Commonwealth failed to prove that appellant had the requisite possession of the marijuana. Thus, the lower court erred in overruling appellant's demurrer. Accordingly, I would reverse the judgment of sentence and discharge appellant.

CERCONE and SPAETH, JJ., join in this opinion.

juana." This rationale incorrectly required appellant to disprove the Commonwealth's contention that she occupied the searched bedroom. Because the Commonwealth has the burden of proving all elements of an offense beyond a reasonable doubt, the Commonwealth had to prove that appellant possessed the marijuana.