444 A.2d 113

**COMMONWEALTH of Pennsylvania**

v.

**David DUNSAVAGE, Appellant.**

Superior Court of Pennsylvania.

Argued March 10, 1981.

Filed April 12, 1982.

William J. Noone, Mahanoy City, for appellant.

Richard B. Russell, District Attorney, Pottsville, for Commonwealth, appellee.

Before HESTER, ROWLEY and MONTGOMERY, JJ.

HESTER, Judge:

This appeal is first taken from Orders of Court of the Court of Common Pleas of Schuylkill County finding the

appellant guilty of possession and delivery of a controlled substance, namely hydromorphone, and denying his motion in arrest of judgment and sentencing. The appellant argues that the trial court erred in taking judicial notice of the fact that hydromorphone, also known as dihydromorphone or Dilaudid, is a derivative of morphine, which, in turn, is an alkaloid of opium. Although hydromorphone is not specifically listed as a Schedule II Controlled Substance, both morphine and opium are so listed. The Controlled Substance, Drug, Device and Cosmetic Act, 1972, April 14, P.L. 233, No. 64 (1972), 35 Pa.S. Sec. 780–101 et seq.

■ It is an undisputed fact that hydromorphone was discovered throughout the appellant's place of residence. The chemical composition of narcotics can be readily ascertained by applying the laws of nature and science to certain facts. The lower court was justified in using judicial notice to bring about a just result. *Rosenfield v. Coleman*, 19 D & C 2d 635 (1959); *Lessig v. Reading Transit & Light Company*, 270 Pa. 299, 113 A. 381 (1921); *Horen v. Davis*, 274 Pa. 244, 118 A. 22 (1922).

■ This appeal is also taken from Orders of Court from that same Court finding the appellant guilty of possessing other controlled substances, namely phentermine and diazepam, and denying the appellant's motion in arrest of judgment and sentencing. Appellant argues that equal access by his girlfriend to the premises where the substances were found destroys the requisite finding of possession.

We are not persuaded. The cases cited by the appellant in support of his position are factually distinguishable from the facts and issues before us. We find it significant that capsules of phentermine and tablets of diazepam were found among the appellant's personal effects in his bedroom dresser; that an undercover agent watched the appellant retrieve controlled substances from the bureau and second floor bedroom; and, that the appellant purchased drugs from various doctors within a short time span. These facts meet the requirements for a finding of joint constructive posses-

sion, *Commonwealth v. Townsend*, 428 Pa. 281, 237 A.2d 192 (1968); follow the court's finding of possession of LSD in *Commonwealth v. Updegrove*, 223 Pa.Super. 7, 296 A.2d 854 (1972); and, distinguish this case from those opinions cited by the appellant.

■ Finally, this is an appeal taken from an Order of Court denying the appellant's Motion for a New Trial. The appellant contends that the lower court erred in allowing the medical doctor, called as a defense witness, to testify as an expert witness on cross-examination when neither party qualified the witness as an expert.

The appellant asked the doctor-witness whether he had prescribed phentermine and diazepam for the appellant's girlfriend. This question was presumably asked to demonstrate that such drugs were obtained legally by someone other than the appellant. On cross-examination, the appellee asked the same witness whether he would have prescribed such drugs had he known that the girlfriend was acquiring them from other doctors at the same time. Such a question is moral and legal in nature; it does not demand medical expertise for an intelligent answer. Therefore, it was not necessary to qualify the witness as an expert.

Judgment of sentence affirmed.