461 A.2d 321

**COMMONWEALTH of Pennsylvania**

v.

**Juan PAGAN, Appellant.**

Superior Court of Pennsylvania.

Argued June 7, 1982.

Filed June 3, 1983.

8

Eugene A. Bonner, Media, for appellant.

Helen T. Kane, Assistant District Attorney, Media, for Commonwealth, appellee.

Before CAVANAUGH, ROWLEY and WATKINS, JJ.

PER CURIAM:

Appellant, Juan Pagan, was convicted by the Honorable Clement J. McGovern, Jr., of possession of a controlled substance, 35 P.S. § 780–113(a)(16), and possession with intent to deliver a controlled substance, 35 P.S. § 780–113(a)(30). Following the denial of post-verdict motions, appellant was sentenced to pay a $500 fine for the former offense and to undergo imprisonment for two to twenty-three months for the latter. In this appeal, appellant raises several claims, all of which were considered and rejected below. For the following reasons, we affirm the judgment

of sentence for possession of a controlled substance and reverse the judgment of sentence for possession with intent to deliver a controlled substance.

■ Appellant's principal claim is that the evidence supporting his convictions was insufficient, contrary to the law and evidence and against the weight of the evidence. In deciding the sufficiency of evidence, we must accept as true all the evidence, and the reasonable inferences therefrom, upon which the factfinder could have based its verdict and then ask whether that evidence, viewed in a light most favorable to the Commonwealth as verdict winner, was sufficient to prove guilt beyond a reasonable doubt. *Commonwealth v. Stasiak*, 305 Pa.Super. 257, 263, 451 A.2d 520, 523 (1982); *Commonwealth v. Banahasky*, 250 Pa.Super. 495, 499, 378 A.2d 1257, 1259 (1977). We agree with the lower court's conclusion that the evidence supports appellant's conviction of possession of a controlled substance and feel that no further discussion is warranted.[1]

■ However, we cannot agree with the court's determination that the evidence also justifies appellant's conviction of possession with intent to deliver a controlled substance. Only 19.9 grams of marijuana (less than one ounce) were discovered inside the searched premises, well below

---

1. Appellant also argues that the verdict was contrary to the evidence and against the weight of evidence. He does not, however, state how this was so. In any event, we do not find that the verdict was so contrary to the weight of the evidence "as to shock one's sense of justice and to make the award of a new trial imperative." *Commonwealth v. Barnhart*, 290 Pa.Super. 182, 185, 434 A.2d 191, 192 (1981). Nor do we find the verdict otherwise contrary to the evidence.

We further reject appellant's contention that the verdict is contrary to law because the quantity of marijuana discovered should have resulted in his being charged under 35 P.S. §§ 780–113(a)(31). That sub-section provides as follows:

(a) The following acts and the causing thereof within the Commonwealth are hereby prohibited:

(31) Notwithstanding other subsections of this section, (i) the possession of a small amount of marihuana only for personal use; (ii) the possession of a small amount of marihuana with the intent to distribute it but not to sell it; or (iii) the distribution of a small amount of marihuana but not for sale.

the quantity considered to constitute a "small amount." 35 P.S. § 780–113(a)(31).[2] An inference of intent to deliver may be drawn from a large quantity of controlled substances, *Commonwealth v. Bowermaster*, 297 Pa.Super. 444, 444 A.2d 115 (1982) (4.1 pounds of marijuana); *Commonwealth v. Chamberlain*, 277 Pa.Super. 503, 419 A.2d 1261 (1980) (over ten pounds of marijuana); *Commonwealth v. Hunt*, 256 Pa.Super. 140, 389 A.2d 640 (1978) (approximately one-half pound of marijuana); *Commonwealth v. Harmes*, 255 Pa.Super. 147, 386 A.2d 551 (1978) (seven pounds of marijuana); *Commonwealth v. Kishbach*, 247 Pa.Super. 557, 373 A.2d 118 (1976) (one-quarter pound of marijuana, ten "hits" of morphine and one hundred "hits" of acid). Similarly, the absence of an intent to deliver may be inferred where, as here, only a small amount of a controlled substance has been discovered. We note that the Commonwealth failed to present any evidence that possession of 19.9 grams of marijuana would be a quantity consistent with delivery for sale. *See Commonwealth v. Asbury*, 312 Pa.Super. 357, 458 A.2d 999 (1983) (insufficient evidence of possession with intent to deliver: 31 pills of prazepam and chlordiacepoxide, schedule IV drugs; no testimony as to whether possession consistent with personal use or with intent to deliver). That conclusion also cannot be drawn from the manner in which the marijuana was packaged, particularly in light of the absence of any additional drug paraphernalia. *See Commonwealth v. Bagley*,

For purposes of this subsection, thirty (30) grams of marihuana or eight (8) grams of hashish shall be considered a small amount of marihuana.

While it may have been appropriate to charge appellant under that subsection, we cannot say that the verdict was unlawful simply because he was instead charged under 35 P.S. § 780–113(a)(16) and § 780–113(a)(30). There is nothing in The Controlled Substance, Drug, Device and Cosmetic Act which requires that an accused be prosecuted under any particular subsection of the Act based upon the amount of controlled substances he or she is alleged to possess. Rather, an accused can be charged with, and prosecuted for, any offense which the Commonwealth thinks it can prove. In this case, the Commonwealth did meet its burden of proving appellant guilty of possession of marijuana, 35 P.S. § 780–113(a)(16).

**2.** See footnote 1, *supra*.

296 Pa.Super. 43, 442 A.2d 287 (1982) (insufficient evidence of possession with intent to deliver: only 15.3 grams of heroin; no drug paraphernalia or other evidence of delivery or intent to deliver). *Compare Commonwealth v. Hunt, supra,* (sufficient evidence of possession with intent to deliver: approximately one-half pound of marijuana divided into a number of small packages and stored in larger bag; small scale commonly used in preparing marijuana for sale found on premises). In the present case we have only a small amount of marijuana consistent with personal use together with only ambiguous evidence of paraphernalia used in the narcotics trade.

Under these circumstances, we must reverse the judgment of sentence for possession with intent to deliver a controlled substance and appellant is discharged as to that offense.

Appellant also contends that the lower court erred in; (1) allowing the introduction into evidence of a sheet of notebook paper and a box of manila envelopes; (2) foreclosing an inquiry into the disposition of prior arrests made by the Commonwealth's informant, and; (3) permitting defense witness Concepcion Rodrigurez to assert the Fifth Amendment privilege against self-incrimination in response to his counsel's question as to whether any of the evidence seized belonged to one Jose Diaz.

We have carefully reviewed the briefs and record and conclude that appellant's arguments are adequately disposed of in the lower court's opinion. We wish only to add one comment with respect to the admissibility of the Commonwealth's exhibits, in particular the sheet of notebook paper.

■ It is unclear from the record exactly what was contained on the sheet of notebook paper. At sidebar, in response to a defense request for an offer of proof, the prosecutor stated that the sheet contained names of individuals alongside amounts of money apparently paid. This evidence, the prosecutor argues, was relevant to prove the charge of possession with intent to deliver. (N.T. 22–24).

The lower court agreed and admitted the evidence for this purpose. (Opinion of lower court at 9–10). However, when Officer Butler was asked by the prosecutor to describe what was on the sheet, appellant's counsel objected stating: "The paper speaks for itself." The court then responded: "It does." (N.T. 24). The contents of that exhibit were never further developed at trial.

We are somewhat uncertain about the exact contents of the sheet of notebook paper and, under other circumstances, this might well affect our evaluation of its admissibility. However, since we have concluded that the evidence including the notebook is insufficient to justify appellant's conviction of possession with intent to deliver, the admission of the challenged evidence, even if improper, was harmless error under *Commonwealth v. Story*, 476 Pa. 391, 383 A.2d 155 (1978). A similar conclusion must be made regarding the manila envelopes which were also admitted for the purpose of proving the charge of possession with intent to deliver.

Judgment of sentence for possession of a controlled substance affirmed. Judgment of sentence for possession with intent to deliver a controlled substance reversed.

ROWLEY, J., concurs in result.