645 A.2d 1366

**COMMONWEALTH of Pennsylvania, Appellant,**

v.

**Earl JACKSON.**

Superior Court of Pennsylvania.

Submitted June 27, 1994.

Filed Aug. 17, 1994.

Kemal A. Mericli, Asst. Dist. Atty., Pittsburgh, for Com., appellant.

Shelley Stark, Public Defender, Pittsburgh, for appellee.

Before McEWEN, CIRILLO and CERCONE, JJ.

CIRILLO, Judge:

The Commonwealth brings this appeal from an order entered in the Court of Common Pleas of Allegheny County granting appellee Earl Jackson's motion in arrest of judgment on the charge of possession with intent to deliver a controlled substance.[1] We affirm.

■ Following a bench trial, Jackson was convicted on one count each of possession of a controlled substance, drug, device, or cosmetic,[2] possession of drug paraphernalia,[3] and possession with intent to deliver a controlled substance, drug, device, or cosmetic. The following facts were adduced at trial. On August 7, 1992, at noon, while on patrol at the 2100 block of Wylie Avenue in Pittsburgh, police officers Cammarata and Strangrecki observed Jackson talking with another man. Jackson was holding a brown paper bag under his left arm and moved his right hand from his mouth to his side. The officers testified that Jackson spit into his own hand and then,

1. 35 P.S. § 780–113(a)(30).
2. 35 P.S. § 780–113(a)(6).
3. 35 P.S. § 780–113(a)(32).

upon seeing the police officers, he quickly brought his hand back up to his mouth. He then proceeded to walk away from the officers. The officers followed Jackson until he began to run. Shortly thereafter, Jackson threw away the brown paper bag in a field and was caught by the officers. The brown bag contained seven unused syringes. In Jackson's mouth were 17 individual balloons of fentanyl [4] weighing a total of 1.17 grams. Jackson also had a $10.00 bill in his pocket.

Following Jackson's conviction on all charges, Jackson filed a motion in arrest of judgment/new trial, stating, among other things, that there was reasonable doubt as to whether the drugs were for delivery and not personal use. Following a hearing, the trial court granted Jackson's motion in arrest of judgment on the conviction for possession with intent to deliver, and denied relief with respect to the remaining counts. The Commonwealth now appeals from that order. The following issue has been raised for our review:

> Whether the trial court erred in granting appellee's motion in arrest of judgment on the grounds that the evidence to support the conviction for possession with intent to deliver fentanyl was insufficient to sustain the conviction?

In evaluating a challenge to the sufficiency of the evidence, we must determine whether viewing the evidence in the light most favorable to the Commonwealth, as verdict winner, together with all reasonable inferences therefrom, the trier of the fact could have found that each and every element of the crime charged was established beyond a reasonable doubt. *Commonwealth v. Jarman*, 529 Pa. 92, 94–95, 601 A.2d 1229, 1230 (1992); *Commonwealth v. Swann*, 431 Pa.Super. 125, 128–29, 635 A.2d 1103, 1105 (1994). "This standard is equally applicable to cases where the evidence is circumstantial rather than direct so long as the combination of the evidence links the accused to the crime beyond a reasonable doubt." *Commonwealth v. Swerdlow*, 431 Pa.Super. 453, 458, 636 A.2d 1173, 1176 (1994) (citing *Commonwealth v. Hardcastle*, 519 Pa. 236, 246, 546 A.2d 1101, 1105 (1986)). Further, it matters not

4. Fentanyl is a drug similar to heroin.

whether the appellant finds a witness's testimony lacking in credibility; such matters are solely within the province of the jury [or trial judge] as trier of fact, and, as such, will not be assailed on review by this court. *Swerdlow*, 431 Pa.Super. at 458–59, 636 A.2d at 1176 (1994).

The offense of possession of a controlled substance with intent to deliver under 35 P.S. § 780–113(a)(30) provides, in part:

(a) The following acts and the causing thereof within the Commonwealth are hereby prohibited:

\* \* \* \* \* \*

(30) Except as authorized by this act, the manufacture, delivery, or possession with intent to manufacture or deliver, a controlled substance by a person not registered under this act, or a practitioner not registered or licensed by the appropriate State board, or knowingly creating, delivering, or possessing with intent to deliver, a counterfeit controlled substance.

35 P.S. § 780–133(a)(30) (1993).

■ The Commonwealth must prove both the possession of the controlled substance and the intent to deliver the controlled substance. It is well settled that all the facts and circumstances surrounding possession are relevant in making a determination of whether contraband was possessed with the intent to deliver. *Commonwealth v. Ramos*, 392 Pa.Super. 583, 592, 573 A.2d 1027, 1032 (1990); *Commonwealth v. Fisher*, 316 Pa.Super. 311, 322, 462 A.2d 1366, 1371 (1983); *see also Commonwealth v. Macolino*, 503 Pa. 201, 205–206, 469 A.2d 132, 134 (1983).

■ In Pennsylvania, the intent to deliver may be inferred from possession of a large quantity of controlled substances. *Commonwealth v. Santiago*, 462 Pa. 216, 223, 340 A.2d 440, 444 (1975); *Commonwealth v. Smagala*, 383 Pa.Super. 466, 476, 557 A.2d 347, 351 (1989); *Commonwealth v. Pagan*, 315 Pa.Super. 7, 8–9, 461 A.2d 321, 322 (1983); *Commonwealth v. Bagley*, 296 Pa.Super. 43, 46–47, 442 A.2d 287, 289 (1982). It follows that possession of a small amount of a controlled

substance supports a conclusion that there is an absence of intent to deliver. *Commonwealth v. Gill,* 490 Pa. 1, 5, 415 A.2d 2, 4 (1980); *Smagala,* 383 Pa.Super. at 476, 557 A.2d at 352; *Pagan,* 315 Pa.Super. at 11, 461 A.2d at 323.

If, when considering only the quantity of a controlled substance, it is not clear whether the substance is being used for personal consumption or distribution, it then becomes necessary to analyze other factors. In these cases, the quantity of the controlled substance is but one factor that we look to in analyzing whether a defendant had the necessary intent to deliver a controlled substance. *Pagan,* 315 Pa.Super. at 10, 461 A.2d at 323; *Bagley,* 296 Pa.Super. at 51, 442 A.2d at 291. Other factors to consider when determining whether a defendant intended to deliver a controlled substance include the manner in which the controlled substance was packaged, the behavior of the defendant, the presence of drug paraphernalia, and large sums of cash found in possession of the defendant. *Commonwealth v. Sherrell,* 414 Pa.Super. 477, 482, 607 A.2d 767, 769 (1992); *Ramos,* 392 Pa.Super. at 594, 573 A.2d at 1034–35. The final factor to be considered is expert testimony. "Expert opinion testimony is admissible concerning whether the facts surrounding the possession of controlled substances are consistent with an intent to deliver rather than with an intent to possess it for personal use." *Commonwealth v. Ariondo,* 397 Pa.Super. 364, 383, 580 A.2d 341, 350–51 (1990); *Sherrell,* 414 Pa.Super. at 482, 607 A.2d at 769.

Not all of these factors must be present to prove the intent to deliver a controlled substance, nor must they be given equal weight. When viewing the totality of the circumstances, however, these are the specific factors considered by this court.

The appellate courts of Pennsylvania have, on numerous occasions, found the evidence at trial insufficient to prove a defendant had the intent to deliver a controlled substance. In *Gill, supra,* the Pennsylvania Supreme Court found that 11 individually wrapped aluminum foil packets containing phenobarbital (like heroin) in a home, together with a syringe, a bottle cap cooker, and tips from an informant about drug sales at the residence were insufficient to prove the defendant

intended to deliver the controlled substance. The Court noted that the syringe and bottle cap cooker, coupled with the quantity of drugs reflected personal use and not intent to deliver. *Gill,* 490 Pa. at 5, 415 A.2d at 4.

In *Bagley, supra,* this court found that 15.3 grams of heroin in eleven glassine bags found after the defendant tossed the bags out the window of a moving car, was not sufficient, in and of itself, to prove intent to deliver a controlled substance.

In *Commonwealth v. Asbury,* 312 Pa.Super. 357, 458 A.2d 999 (1983), this court held that the evidence was insufficient to prove that the defendant intended to deliver a combination of Prazepam and Chlordiaceoxide tablets totalling 31 in number. There, two inmates were treated for drug overdoses. Besides finding 31 drug tablets, it was established that the defendant's cellmate appeared drowsy when questioned by investigators. No expert testimony was provided, nor did this court find the quantity of controlled substances very large. This court, therefore, reversed the conviction of intent to deliver a controlled substance since the evidence presented was not sufficient to support the conviction.

In *Pagan, supra,* this court found that 19.9 grams of marijuana did not justify the appellant's conviction of intent to deliver a controlled substance. This court focused on the quantity of marijuana involved and characterized it as a "small amount." *Pagan,* 315 Pa.Super. at 10, 461 A.2d at 322. Also, the packaging of the marijuana, and the lack of additional drug paraphernalia failed to give any insight into the appellant's intent to deliver the drug. This court reversed the the judgment of sentence for possession with intent to deliver a controlled substance.

Finally, in *Smagala, supra,* this court found the evidence insufficient to support a conviction for possession with intent to deliver a controlled substance where the evidence presented included 0.8 grams of cocaine, a rolled up twenty dollar bill, a razor blade, $834.00 in United States currency, four index cards with names and numerical values on each of them, small wire mesh screens, several hundred burned matches, a small glass pipe, and 77 small used glassine bags. An expert

witness, qualified in the field of narcotics investigation, testified that the evidence was more consistent with possession of a controlled substance with the intent to deliver than with possession of a controlled substance for personal use. *Id.* at 473, 557 A.2d at 350. Contrary to this expert testimony, we found that the evidence did not reflect an intent to distribute but, rather, reflected personal use. This court noted that there was no marked currency like that used in a controlled buy, the quantity of drugs was not large, there were no weight scales found, and there were no informants identifying appellant as a drug dealer. The evidence presented, the rolled twenty dollar bill, the razor, and the pipe, suggested only personal use. Accordingly, this court found that the evidence was insufficient to prove beyond a reasonable doubt that the appellant possessed a controlled substance with the intent to deliver. *But see Commonwealth v. Torres,* 421 Pa.Super. 233, 617 A.2d 812 (1992) (this court found sufficient evidence to affirm appellee's conviction of intent to deliver where appellee's vehicle contained 4.63 grams of cocaine wrapped in 17 packets, boxes of sandwich bags, $236.00 in cash, and expert testimony indicating an intent to deliver).

In the instant case, the evidence was not sufficient to establish that Jackson had the requisite intent to deliver a controlled substance. Jackson possessed 17 balloons of fentanyl weighing a total of 1.17 grams. This established the first element of the charge of intent to deliver a controlled substance—possession of a controlled substance. However, the Commonwealth failed to establish the second element, the intent to deliver the controlled substance. The Commonwealth's expert testified that he knew of an addict who used 30 balloons daily. Here, the 17 balloons possessed by Jackson falls well within the amount possible for personal daily consumption. Jackson testified that he consumed about six balloons daily. Seventeen balloons, therefore, might very well represent a few days worth of drugs for his personal consumption. Jackson had a ten dollar bill in his possession at the time of his arrest. This is not a large sum, relatively speaking; such evidence does not contribute to the finding of an intent to distribute. Further, Jackson had seven syringes in a

brown bag. These syringes were unused and represent personal use paraphernalia. The evidence did not establish that Jackson was dealing drugs: rather, the testimony presented at trial indicated that Jackson was a drug user. Further, the police officers did not observe Jackson in any type of drug transaction. The police officers could not see anything in Jackson's hand while they observed him, nor did they see anything pass between Jackson and the man to whom he was speaking. The instant case is clearly more analogous to the cases discussed above, where the quantum of proof required to sustain a conviction for the charge of intent to deliver a controlled substance was lacking.

We conclude that the trial court did not err when it granted the motion of appellee in arrest of judgment on the charge of possession with intent to deliver a controlled substance. The evidence presented at trial was not sufficient to determine beyond a reasonable doubt that the appellee, Earl Jackson, had the requisite intent to deliver fentanyl. *Jarman, supra.*

Order affirmed.