**COMMONWEALTH of Pennsylvania, Appellee,**

v.

**Henry CLARK, Appellant.**

Superior Court of Pennsylvania.

Submitted Jan. 17, 2006.

Filed March 24, 2006.

James R. Robinson, York, for appellant.

Hugh S. Rebert, Asst. Dist. Atty., York, for Com., appellee.

BEFORE: STEVENS, BENDER and KELLY, JJ.:

OPINION BY BENDER, J.:

¶ 1 This is an appeal from a judgment of sentence imposed upon Appellant after he was convicted of possession and possession with intent to deliver cocaine in a jury trial. Appellant, in two separate sub-arguments, asserts that the evidence was insufficient to support the conviction for possession with intent to deliver (PWID). We agree and therefore vacate and remand for resentencing.

¶ 2 On March 20, 2004, Sergeant Nicholas Figge of the York City Police Department was on patrol and driving north on South George Street in the city of York when he spotted a red Chevrolet Cavalier. The vehicle was unoccupied at that moment, although two black males were standing beside the car. At lineup, before starting his patrol, Sergeant Figge and other police officers had been alerted that a red Chevrolet Cavalier had been reported stolen. Given the report, Sergeant Figge slowed down while passing the vehicle and glanced at the vehicle's registration number. Since the license number matched that of the stolen vehicle, Sergeant Figge proceeded to the next intersection and made a U-turn with the intention of taking possession of the stolen

vehicle. Before arriving at the back of the vehicle, the vehicle pulled away from the curb and began traveling south on South George Street. Sergeant Figge followed the vehicle while it turned west on West Maple Street. Eventually the vehicle stopped in an area known for a high frequency of drug activity. Sergeant Figge activated his emergency lights, pulled up behind the vehicle and shined his spotlight on the vehicle. Sergeant Figge ordered the two occupants out of the vehicle and onto the ground. Appellant was situated in the passenger seat and Appellant's co-defendant, Lamarr Sistrunk, was driving. As the two men were secured on the ground outside the vehicle, backup arrived. Sergeant Figge proceeded to secure Sistrunk who was observed placing an object underneath the vehicle. The object, a plastic bag containing a white chalky substance suspected of being crack cocaine, was retrieved.

¶ 3 Officer Shawn Rosier testified that he arrived after the vehicle had been stopped and assisted in the handling of Appellant. Officer Rosier performed a pat down search of Appellant and felt a lump on Appellant's left ankle. Officer Rosier investigated further and discovered a plastic bag containing several pieces of an off-white chunky substance suspected of being crack cocaine. Appellant also possessed a cell phone and approximately $9 in U.S. currency. The suspected crack cocaine later tested positive for cocaine. The combined weight of the pieces of cocaine was 2.5 grams. Appellant and Sistrunk were then arrested.

¶ 4 Appellant was subsequently charged with receiving stolen property and possession with intent to deliver cocaine. Appellant proceeded to a jury trial on March 24, 2005. At the conclusion of the trial, Appellant was found guilty of PWID cocaine and simple possession of cocaine. Appellant was found not guilty of receiving stolen property. Appellant was sentenced on May 4, 2005, and filed the present appeal on May 18, 2005.

¶ 5 Appellant contends that the evidence was insufficient to prove intent to deliver. We agree. Our standard of review when reviewing the sufficiency of the evidence has been recited as follows:

> The standard we apply in reviewing the sufficiency of evidence is whether, viewing all the evidence admitted at trial in the light most favorable to the verdict winner, there is sufficient evidence to enable the factfinder to find every element of the crime beyond a reasonable doubt. In applying the above test, we may not weigh the evidence and substitute our judgment for that of the factfinder. In addition, we note that the facts and circumstances established by the Commonwealth need not preclude every possibility of innocence. Any doubts regarding a defendant's guilt may be resolved by the fact-finder unless the evidence is so weak and inconclusive that as a matter of law no probability of fact may be drawn from the combined circumstances. The Commonwealth may sustain its burden of proving every element of the crime beyond a reasonable doubt by means of wholly circumstantial evidence. Moreover, in applying the above test, the entire record must be evaluated and all evidence actually received must be considered. Finally, the trier of fact while passing upon the credibility of witnesses and the weight of the evidence produced, is free to believe all, part or none of the evidence.

*Commonwealth v. Lambert,* 795 A.2d 1010, 1014–1015 (Pa.Super.2002) (internal citations and quotation marks omitted). With respect to sufficiency cases involving PWID, *Commonwealth v. Jackson,* 435

Pa.Super. 410, 645 A.2d 1366, 1368 (1994), is instructive:

> The Commonwealth must prove both the possession of the controlled substance and the intent to deliver the controlled substance. It is well settled that all the facts and circumstances surrounding possession are relevant in making a determination of whether contraband was possessed with the intent to deliver. *Commonwealth v. Ramos,* 392 Pa.Super. 583, 592, 573 A.2d 1027, 1032 (1990); *Commonwealth v. Fisher,* 316 Pa.Super. 311, 322, 462 A.2d 1366, 1371 (1983); *see also Commonwealth v. Macolino,* 503 Pa. 201, 205–206, 469 A.2d 132, 134 (1983).
>
> In Pennsylvania, the intent to deliver may be inferred from possession of a large quantity of controlled substances. *Commonwealth v. Santiago,* 462 Pa. 216, 223, 340 A.2d 440, 444 (1975); *Commonwealth v. Smagala,* 383 Pa.Super. 466, 476, 557 A.2d 347, 351 (1989); *Commonwealth v. Pagan,* 315 Pa.Super. 7, 8–9, 461 A.2d 321, 322 (1983); *Commonwealth v. Bagley,* 296 Pa.Super. 43, 46–47, 442 A.2d 287, 289 (1982). It follows that possession of a small amount of a controlled substance supports a conclusion that there is an absence of intent to deliver. *Commonwealth v. Gill,* 490 Pa. 1, 5, 415 A.2d 2, 4 (1980); *Smagala,* 383 Pa.Super. at 476, 557 A.2d at 352; *Pagan,* 315 Pa.Super. at 11, 461 A.2d at 323.

Notably, "[i]f, when considering only the quantity of a controlled substance, it is not clear whether the substance is being used for personal consumption or distribution, it then becomes necessary to analyze other factors." *Id.*

¶ 6 To state the obvious, possession is not at issue in the present case. What is at issue is whether Appellant possessed an intent to deliver the cocaine found on his person. The Commonwealth rests its case of intent to deliver upon circumstantial evidence. There is no direct evidence of intent to deliver. Appellant was not observed delivering cocaine to another, a controlled buy was not executed, there was no testimony indicating that Appellant had an intent to deliver and there was no electronic surveillance in which Appellant indicated an intent to deliver.

¶ 7 Indeed, in reality, there is very little, if any, circumstantial evidence establishing intent to deliver. Appellant possessed none of the accoutrements of drug selling. The pieces of cocaine in Appellant's possession were not individually packaged for resale, Appellant possessed no empty plastic baggies or packets nor any twist ties or rubber bands which might be used to package crack for sale, Appellant was not seen being approached by any individuals or approaching any individuals which might indicate soliciting and Appellant had virtually no cash on his person from which he might make change if needed. While the above evidence, when present, does not definitively prove that drugs were possessed with intent to deliver, such evidence, if of sufficient quantity and weight, has been held to allow the factfinder to infer the intent to deliver. *Commonwealth v. Sherrell,* 414 Pa.Super. 477, 607 A.2d 767 (1992). Here there is absence of any evidence positively demonstrating intent to deliver.

¶ 8 As for the amount of the cocaine in question here, we note that the weight of 2.5 grams is less than amounts found insufficient to establish intent to deliver in other published cases. Recently in *Commonwealth v. Ratsamy,* 885 A.2d 1005 (Pa.Super.2005), we concluded that possession of a single piece of crack cocaine weighing 6.2 grams was insufficient to establish intent to deliver. We also noted in that case that caselaw recognized that an

"eight-ball," the street term for an eighth of an ounce of cocaine, or 3.5 grams, was not an uncommon purchase. In the present case, the weight of the cocaine was less than an eight-ball. As such, we are not dealing with an amount of cocaine which allows the deduction of intent to deliver merely from the amount in question. Thus, what is left is expert opinion evidence based upon "profiles" of how drug dealers often work in the community in question.

¶ 9 The trial court aptly summarizes the Commonwealth's case when it indicates that the Commonwealth's expert, Detective Richard Peddicord, "rendered an opinion ... that based upon the quantity of cocaine, the absence of use paraphernalia, and the presence of a cell phone, that these factors would be more consistent with possession of the drugs with the intent to deliver as opposed to possession for personal use."[1] Trial Court Opinion, 9/2/05, at 3. The question the present case brings to the forefront is whether an expert's opinion based upon his experience constitutes sufficient evidence to support a conviction where there is, candidly speaking, virtually no positive evidence of intent to deliver or any other evidence that corroborates the opinion. We think not.

¶ 10 When reduced to its essence, the Commonwealth's case of possession rests upon the opinion of the Commonwealth's expert, which is based upon his perception drawn from his experience. In other words, in the opinion of the Commonwealth's expert, people in Appellant's circumstances have more commonly been engaged in drug trafficking and not pos-

session for strictly personal use. However, the term "more consistent with," as used by the trial court, implies, by default, that there are individuals who possess 2.5 grams of cocaine for personal use. Indeed, the Commonwealth's expert admitted as much, N.T. Trial, 3/24/2005, at 168, as does our caselaw. The problem with the Commonwealth's case is that here there are no factors which tend to prove that Appellant fits into the group that resells as opposed to the group that consumes. As such, the Commonwealth has not proven that Appellant possessed an intent to deliver but rather has proven only that he is similarly situated to those that have, in the past, gone on to definitively demonstrate an intent to deliver.

¶ 11 We understand that proving intent is a difficult task and that given the way in which Sergeant Figge happened upon Appellant and Mr. Sistrunk, the police did not have an opportunity to "stake out" the two to see whether they would have taken steps to deliver the crack cocaine found in their possession. With respect to the intention of the two, this may have been unfortunate as it is quite possible that the two did possess the crack cocaine with the intent to deliver it. However, the fact that Sergeant Figge investigated a stolen car and found two individuals in possession of cocaine does not obviate the legal requirement of proving intent to deliver.

¶ 12 Similarly, we accept Detective Peddicord's assertion that drug dealers have gotten more sophisticated and modify the way in which they deal drugs in response to law enforcement efforts and, possibly, to cloud their intent.[2] However, similarly,

---

**1.** We find Detective Peddicord's reliance upon the presence of a cell phone in rendering his opinion as extremely suspect. Given the prevalence of cell phones in the United States today, we do not believe the presence of a cell phone can in any form reliably indicate intent to deliver.

**2.** Detective Peddicord testified: "street dealers today are becoming more sophisticated. It is a learned trade. As the trade continues,

this cannot be a basis to do away with the burden of proof.

¶ 13 Simply put, there was a lack of evidence that Appellant possessed the crack cocaine with the intent to deliver. Thus, Appellant's conviction on that count must be reversed. Since Appellant was sentenced based upon this conviction and not for simple possession, we will remand for resentencing.

¶ 14 Judgment of sentence for possession with intent to deliver reversed, remanded for resentencing on the count of simple possession. Jurisdiction relinquished.

¶ 15 Judge STEVENS files a dissenting opinion.

## DISSENTING OPINION BY STEVENS, J.:

¶ 1 I conclude the evidence was sufficient to establish that Appellant had the requisite intent to deliver a controlled substance, and, therefore, I would affirm his judgment of sentence. As such, I respectfully dissent.

¶ 2 It is well-settled that the jury is free to believe all, part, or none of the testimony presented. *Commonwealth v. Ross*, 856 A.2d 93 (Pa.Super.2004). Here, as the Majority acknowledges, the Commonwealth's expert opined that, based upon his experience, Appellant's behavior was consistent with someone who is engaged in drug trafficking. The jury was free to accept this testimony. *Ross, supra.*

¶ 3 Moreover, I disagree that the circumstantial evidence did not establish the requisite intent. In the light most favorable to the Commonwealth as the verdict winner, the evidence revealed that Appel-

lant, who was the passenger in the vehicle, possessed 2.5 grams of cocaine, approximately $9.00, and a cell phone in a high crime area. In addition, his co-defendant, who was the driver of the vehicle, possessed crack cocaine, approximately $387.00, and a cell phone. When taken to the police station, both Appellant and his co-defendant admitted they were unemployed, and the police did not seize from either Appellant or his co-defendant drug paraphernalia which would be used to consume the crack cocaine. The Commonwealth's expert testified that it was common practice for drug dealers to work in pairs, with one person holding the money and the other person holding the bulk of the narcotics. Based on all of the evidence, I would find the Commonwealth proved Appellant had the requisite intent.

¶ 4 Finally, I note that, while I agree the possession of a cell phone in and of itself is insufficient to establish a criminal intent, when taken together with all of the evidence presented in this case, I conclude the possession of a cell phone was but one piece of evidence establishing Appellant's intent. In addition, I note that there is no requirement in our law that the Commonwealth prove the existence of plastic baggies or rubber bands in establishing the intent to deliver.

new applications, new ways of doing things are learned. Those are learned for a reason."

N.T. Trial, at 170.