J. S76026/16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA     :     IN THE SUPERIOR COURT OF
                                      :              PENNSYLVANIA
                                        :
                     v.                    :
                                        :
GILBERT BYRD,                         :
                                        :
                   Appellant          :
                                        :           No. 3742 EDA 2015

Appeal from the Judgment of Sentence November 25, 2015
In the Court of Common Pleas of Philadelphia County
Criminal Division at No(s): CP-51-CR-0008931-2015

BEFORE: STABILE, J., DUBOW, J., and STEVENS, P.J.E. [*]

MEMORANDUM BY DUBOW, J.:             **FILED JANUARY 25, 2017**

Appellant, Gilbert Byrd, appeals from the Judgment of Sentence entered by the Philadelphia County Court of Common Pleas following his conviction after a bench trial of Possession with Intent to Deliver Controlled Substances ("PWID").[1]  After careful review, we conclude that (i) there was sufficient evidence to support the trial court's verdict; and (ii) the trial court's verdict was not against the weight of the evidence.  Accordingly, we affirm.

Appellant was arrested and charged with, *inter alia*, PWID and Conspiracy to Commit PWID.  On November 25, 2015, Appellant proceeded

---

[*] Former Justice specially assigned to the Superior Court.

[1] 35 P.S. § 780-113(a)(30).

to a bench trial before the Honorable Giovanni O. Campbell. At trial, the parties stipulated that if Officer Wims were called, he would testify that in July of 2015, he was conducting a narcotics investigation in the 1700 block of North Hollywood Street. As part of that investigation, Officer Wims observed three controlled buys of marijuana between a Confidential Informant and an individual identified as Jarrell Wilcombe.[2] On all three occasions, Officer Wims observed Wilcombe dealing narcotics out of a residence located at 1712 North Hollywood Street. As a result, he obtained a search warrant for the residence.

The trial court summarized the testimonial evidence adduced at trial as follows:

> Officer Robert Montague testified that he assisted Officer Wims in execut[ing] the search warrant at 1712 North Hollywood on July 23, 2015. After entry, Officer Montague knocked on the first door, which was the door to [Appellant's] room[,] numerous times announcing that they were the police and that they had a search warrant. After hearing sounds and movement in the room, the officers breached the door, where they found [Appellant] on the bed, against the wall, unclothed. [Appellant] was removed from the bed and next to the mattress, within arm's reach, was found a clear sandwich baggie containing two other sandwich baggies containing marijuana, along with three twisted bags with small amounts of marijuana. The room was a small bedroom, approximately 10 x 12 feet. A search of the room also produced a digital scale, new and unused sandwich baggies in a box, along with $188 in United States currency.

Trial Court Opinion, filed 2/22/16, at 1-3.

---

[2] The Commonwealth did not introduce evidence linking Appellant to Wilcombe. Officer Wims' testimony provided background on why and how officers obtained a search warrant for 1712 North Hollywood Street.

The trial court found Appellant guilty of PWID and acquitted him on the Conspiracy charge. Immediately thereafter, the trial court sentenced Appellant to two years of probation.

On November 30, 2015, Appellant filed post-sentence motions, which the trial court denied on December 1, 2015.

Appellant timely appealed. Appellant and the trial court both complied with Pa.R.A.P. 1925.

On appeal, Appellant raises the following two issues:

1. Was the evidence sufficient as a matter of law to convict [Appellant] of Possession with Intent to Deliver Controlled Substances[?]

2. Was the verdict against the weight of the evidence?

Appellant's Brief at 5.

## Sufficiency of the Evidence

Appellant first avers that the evidence was insufficient to support his conviction. Evidentiary sufficiency is a question of law; thus, our standard of review is *de novo* and our scope of review is plenary. ***Commonwealth v. Diamond***, 83 A.3d 119, 126 (Pa. 2013).

In determining whether the evidence was sufficient to support a verdict, we view the evidence and all reasonable inferences to be drawn therefrom in the light most favorable to the verdict winner, the Commonwealth herein. ***Commonwealth v. Watley***, 81 A.3d 108, 113 (Pa. Super. 2013) (*en banc*). Furthermore:

> Evidence will be deemed sufficient to support the verdict when it establishes each material element of the crime charged and the commission thereof by the accused, beyond a reasonable doubt. Nevertheless, the Commonwealth need not establish guilt to a mathematical certainty, and may sustain its burden by means of wholly circumstantial evidence. Significantly, we may not substitute our judgment for that of the factfinder; if the record contains support for the convictions they may not be disturbed.

*Commonwealth v. Brewer*, 876 A.2d 1029, 1032 (Pa. Super. 2005) (citations and internal quotations omitted).

To convict a person of PWID, the Commonwealth must prove beyond a reasonable doubt that the person possessed a controlled substance with the intent to deliver it and without legal authorization to do so. *See Commonwealth v. Bricker*, 882 A.2d 1008, 1015 (Pa. Super. 2005); *see also* 35 P.S. § 780-113(a)(30). "In determining whether there is sufficient evidence to support a PWID conviction, all facts and circumstances surrounding the possession are relevant, and the Commonwealth may establish the essential elements of the crime wholly by circumstantial evidence." *Bricker*, 882 A.2d at 1015 (citation omitted).

Appellant's challenge to the sufficiency of the evidence presents two distinct claims. First, he challenges the evidence tying him to the area searched and to the evidence recovered therein. Appellant's Brief at 8, 10, 13-14. Second, he argues that, in the absence of expert testimony, the evidence recovered was insufficient to establish that Appellant possessed marijuana with the intent to deliver and not merely for personal use. Appellant's Brief at 11-17. We address and reject each argument in turn.

*Constructive Possession*

Appellant correctly notes that no marijuana was recovered from his unclothed person, and further avers that the Commonwealth failed to establish that he had constructive possession of the marijuana because "Officers did not recover anything that connected [Appellant] to the property [that was searched.]" Appellant's Brief at 13.

It is well-settled that when an individual is found guilty of possessing contraband which was not found on his person, as in the case at bar, the Commonwealth is required to prove that he had constructive possession or joint constructive possession of the contraband. *See Commonwealth v. Bricker*, 882 A.2d 1008, 1014 (Pa. Super. 2005). Constructive possession is a legal fiction; it is an inference from a set of facts that the defendant more likely than not had control of contraband that was not found on his person. *Commonwealth v. Mudrick*, 507 A.2d 1212, 1213 (Pa. 1986). The Pennsylvania Supreme Court defines constructive possession as "conscious dominion" which is "the power to control the [contraband] and the intent to exercise that control." *Commonwealth v. Johnson*, 26 A.3d 1078, 1093 (Pa. 2011) (citation and quotation omitted). Constructive possession is inferred from the totality of the circumstances, and circumstantial evidence may be used to establish constructive possession. *Id.* at 1094.

A person's presence in a place where the drugs are found, standing alone, will not establish constructive possession. *See Commonwealth v. Thompson*, 779 A.2d 1195, 1199 (Pa. Super. 2001). The Commonwealth must prove some additional factor linking the defendant to the drugs. Other factors to consider include finding the contraband in plain view, whether the contraband was found within the defendant's personal effects or in a place where only the defendant had access, and whether the defendant acted suspiciously before or during the arrest. *See, e.g., Commonwealth v. Kirkland*, 831 A.2d 607, 611 (Pa. Super. 2003) (finding that the appellant had constructive possession of drugs which were found in plain view in the back seat of a vehicle); *Thompson, supra* at 1203 (finding that the appellant's furtive movements, along with his proximity to the cocaine and his admission that other drugs could be found in the location where the cocaine was found, evidenced joint constructive possession).

In the instant case, the marijuana was located within "[a]n arm's reach" of Appellant, in plain view, in a "small bedroom." N.T., 11/25/15, at 14-15. Although Appellant claims that nothing was recovered linking him to the residence, the record belies this claim. Officer Montague testified that the officers announced themselves and knocked on the bedroom door "numerous times." *Id.* at 13. Rather than responding or opening the door for the officers, Appellant stayed silent. *Id.* When Officers heard the sound of someone moving around inside the room, they breached the door. Inside,

Appellant was found lying alone and naked on the bed. Clothing belonging to an adult male was located in the room, including the shirt, pants, and shoes that Appellant put on before leaving the property with the officers. *Id.* at 19-20.

We agree with the trial court that the evidence presented shows more than Appellant's "mere presence" in a place where drugs were found. The drugs were found within arm's reach of Appellant, who was apparently at home enough to be naked, and in bed. He was also alone in the room. Although Officer Montague "didn't ask him what [*sic*] every piece of clothing belonged to," it is reasonable to infer from Appellant's lying naked in bed that the clothing items found in the bedroom belonged to him. Finally, Appellant's failure to respond to the Officers' knocking, together with the Officers' hearing movement behind the bedroom door, provided an additional factor supporting the trial court's finding that Appellant had constructive possession of the recovered marijuana. Collectively, this evidence demonstrates Appellant's "conscious dominion" over the marijuana, because he had "the power to control the [contraband] and the intent to exercise that control." *Johnson, supra* at 1093. Accordingly, Appellant's argument is without merit.

*Intent to Deliver*

Having concluded that Appellant constructively possessed the recovered evidence, we turn to the question of whether the evidence was sufficient to establish that Appellant had the requisite intent to deliver.

Appellant avers that the evidence adduced at trial, particularly in the absence of expert testimony, merely proves that he possessed the marijuana for personal consumption. We disagree.

> To establish the offense of possession of a controlled substance with intent to deliver, the Commonwealth must prove beyond a reasonable doubt that the defendant possessed a controlled substance with the intent to deliver it. The trier of fact may infer that the defendant intended to deliver a controlled substance from an examination of the facts and circumstances surrounding the case. Factors to consider in determining whether the drugs were possessed with the intent to deliver include the particular method of packaging, the form of the drug, and the behavior of the defendant.

**Kirkland, supra** at 611 (citations omitted).

In determining the sufficiency of evidence for the intent to deliver, the court looks at the following factors: the quantity of the drugs, "the manner in which the controlled substance was packaged, the behavior of the defendant, the presence of drug paraphernalia, and large[ ] sums of cash found in possession of the defendant." **Commonwealth v. Ratsamy**, 934 A.2d 1233, 1237-38 (Pa. 2007) (citations omitted). Another factor is the lack of drug paraphernalia for personal consumption. **Id.** at 1238.

Although the quantity of drugs recovered is relevant to our analysis, it is not, in and of itself, "crucial to establish an inference of possession with intent to deliver, if . . . other facts are present." **Id.** at 1237 (citation and

quotation marks omitted). ***But see Commonwealth v. Pagan***, 461 A.2d 321, 322-23 (Pa. Super. 1983) (finding possession of "small amount" of marijuana, 19.9 grams, and the lack of additional paraphernalia to indicate preparation for sale or delivery, was insufficient to support PWID conviction).

In the instant case, Officers recovered more than 9 grams of marijuana, "packed in various baggies, with a scale, and additional unused baggies in a box with $188 in cash[.]" Trial Court Opinion at 5. Officers did not recover a pipe or other drug paraphernalia from which the factfinder could infer personal consumption. ***See Ratsamy, supra*** at 1238. Although the quantity of drugs is alone insufficient to support a finding of intent to deliver, we agree with the trial court that the baggies, scale, and cash "demonstrated that [Appellant] possessed the controlled substances with intent to deliver." Trial Court Opinion at 5. Accordingly, we conclude that Appellant's argument to the contrary is without merit.

## **Weight of the Evidence**

Appellant next avers that the jury's verdict was against the weight of the evidence "because the verdict was based on conjecture and speculation." Appellant's Brief at 18. He catalogs the alleged lack of evidence linking him to the narcotics sales between Wilcombe and the Confidential Informant, as well as the alleged lack of evidence showing that Appellant owned, rented, or lived in the property at 1712 North Hollywood Street.

When considering challenges to the weight of the evidence, we apply the following precepts:

> The weight of the evidence is exclusively for the finder of fact, who is free to believe all, none or some of the evidence and to determine the credibility of the witnesses.
>
> Appellate review of a weight claim is a review of the exercise of discretion, not of the underlying question of whether the verdict is against the weight of the evidence. Because the trial judge has had the opportunity to hear and see the evidence presented, an appellate court will give the gravest consideration to the findings and reasons advanced by the trial judge when reviewing a trial court's determination that the verdict is against the weight of the evidence. One of the least assailable reasons for granting or denying a new trial is the lower court's conviction that the verdict was or was not against the weight of the evidence and that a new trial should be granted in the interest of justice.

*Commonwealth v. Talbert*, 129 A.3d 536, 545-46 (Pa. Super. 2015) (internal quotation marks and citations omitted).

"Resolving contradictory testimony and questions of credibility are matters for the factfinder." *Commonwealth v. Hopkins*, 747 A.2d 910, 917 (Pa. Super. 2000). Further, "[i]n order for a defendant to prevail on a challenge to the weight of the evidence, the evidence must be so tenuous, vague and uncertain that the verdict shocks the conscience of the court." *Talbert, supra* at 546 (internal quotation marks and citation omitted). It is well-settled that we cannot substitute our judgment for that of the trier of fact. *Id.* at 545.

Appellant essentially asks us to reweigh the testimony and evidence presented at trial. Appellant's Brief at 17-18. We cannot and will not do so. As discussed, *supra*, our reading of the record belies Appellant's claim that there was insufficient evidence linking him to the marijuana and packaging materials recovered in the room where he was found alone and naked in bed.[3] This verdict was not so contrary to the evidence as to shock the court's conscience, and the trial court properly denied Appellant's weight of the evidence claim.

Judgment of Sentence affirmed.

Judgment Entered.

_____

Joseph D. Seletyn, Esq.
Prothonotary

Date: 1/25/2017

---

[3] The lack of evidence linking him to drug sales conducted by Wilcombe is immaterial. Officer Wims' testimony about Wilcombe's sales to the Confidential Informant provided background information as well as probable cause for the search warrant on 1712 North Hollywood Street. Appellant was not charged in connection with any of those sales, and the Commonwealth was, therefore, not required to prove his involvement therein. To the extent that the Conspiracy charge was based on the theory that Appellant was somehow connected to Wilcombe, the trial court found Appellant not guilty on that charge.