J-S15038-20

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellant | : | |
| | : | |
| | : | |
| | : | |
| v. | : | |
| | : | |
| | : | |
| | : | |
| ROBERT KEVIN COOK | : | No. 1628 WDA 2019 |

Appeal from the Order Entered October 9, 2019
In the Court of Common Pleas of Beaver County Criminal Division at
No(s):  CP-04-CR-0000899-2019

BEFORE:   BENDER, P.J.E., OLSON, J., and STEVENS, P.J.E.[*]

MEMORANDUM BY STEVENS, P.J.E.:                    **FILED APRIL 22, 2020**

The Commonwealth of Pennsylvania appeals from the Order entered in the Court of Common Pleas of Beaver County on October 9, 2019, granting Appellee Robert Kevin Cook's motion for habeas corpus relief for lack of prima facie evidence with regard to charges of possession with intent to deliver a controlled substance and conspiracy to commit possession with intent to deliver a controlled substance.[1] These charges stemmed from the execution

---

[*] Former Justice specially assigned to the Superior Court.
[1] The Commonwealth refers to the aforementioned charges as Counts 3 and 4 respectively; however, the trial court denied Appellee's petition for habeas corpus in regard to Count 4, which it listed as Intentional Possession of a Controlled Substance.  **See** Opinion and Order, 10/9/19, at 5.

of a search warrant on February 1, 2019. Following a careful review, we reverse and remand for further proceedings.[2]

Our review of the certified record reveals that following an investigation of three individuals: Donald Williams, Jeremiah Irving, Appellee, Trooper Joshua Fachet obtained and executed a search warrant for the area of 4600 4th Avenue, Apartments 3 and 4, in Beaver Falls, Pennsylvania. At the Preliminary Hearing held on April 30, 2019, Trooper Fachet testified that upon entering Apartment 4 after executing that warrant on February 1, 2019, the Pennsylvania SERT team located several individuals. N.T. Preliminary Hearing, 4/30/19, at 8. When he ultimately arrived, Trooper Fachet observed several individuals in the dining room; Although the Pennsylvania State Police Special Emergency Response Team (SERT) already had taken Appellee from the scene, Trooper Fachet learned Appellee and Irving had been found in the dining room, and Williams was lying in the doorway between the dining room and kitchen. *Id*. at 9, 12.

A Vice Unit police officer on the scene notified Trooper Fachet that two, clear, knotted baggies, one of which contained suspected crack cocaine and the other of which contained two baggies of a white, powdery substance that was believed to be cocaine, were found in the toilet. *Id.* at 10. Trooper Fachet

---

[2] The Commonwealth has perfected its interlocutory appeal from the Order granting Appellee's suppression motion in that its notice of appeal contains the requisite statement certifying that the Order would "substantially handicap the prosecution" pursuant to Pa.R.A.P. 311(d) and 904(e).

estimated a total amount of two to three ounces of cocaine was contained in the baggies. *Id*.

On the kitchen countertop, Trooper Fachet observed a Pyrex cup and baking soda along with a stainless steel knife stained with white residue. In Trooper Fachet's experience, such items are used to make crack cocaine. *Id*. at 11. A scale with a small piece of a white chunky substance on it was found near Appellee and Irving in the dining room. *Id.* In addition to a stolen handgun found in the living room, Trooper Fachet recovered $1,700 from Irving and $1,800 from Williams. *Id*. at 12.

In the only bedroom of the home, Trooper Fachet observed a small, knotted baggie containing suspected crack cocaine and a crack pipe in the top, right dresser drawer. *Id*. at 13. Also therein were items bearing Appellee's name and the address of the apartment. *Id*.

Trooper Fachet filed a criminal complaint on February 1, 2019, charging Appellee with the following five counts: Receiving Stolen Property; Conspiracy to Commit Receiving Stolen Property; Possession with Intent to Deliver; Conspiracy to Commit Possession with Intent to Deliver; and Possession. On June 10, 2019, the Commonwealth filed a criminal information charging Appellee with the same five counts. On July 19, 2019, Appellee filed a counselled Omnibus Pre-Trial Motion for Relief wherein he requested a grant of habeas corpus due to a lack of sufficient evidence.

On October 1, 2019, the trial court held a Pre-Trial hearing at which time Trooper Fachet provided additional testimony. Specifically, he explained

that surveillance at 4600, 4th Avenue, Apartment 4 identified Irving entering and exiting the residence, and photographs of him were taken on January 22-23, 2019. N.T. 10/1/19, at 9-10. Also, the search of the apartment revealed a court document and a shipping label bearing Appellee's name and the Apartment 4 address. *Id*. at 12. In fact, while detained, Appellee admitted he resided in the apartment. *Id.* at 13.

Trooper Fachet also commented upon the approximately $1700 and $1800 found on Irving and Williams respectively. In doing so, he noted that based upon his training and experience "individuals will allow dealers or drug traffickers to utilize their apartment for many reasons, for payment or also through controlled substances, various reasons, so it's not unusual that the owner of the residence is not holding a lot of money." *Id*. at 38.

In its October 9, 2019, Order the trial court granted, in part, Appellee's suppression motion. The Commonwealth filed a timely notice of appeal on November 1, 2019. Although the trial court did not direct the Commonwealth to file a concise statement of the matters complained of on appeal pursuant to Pa.R.A.P. 1925(b), the trial court filed a Rule 1925(a) Opinion on October 9, 2019.

In its appellate brief, the Commonwealth presents the following question for our review:

> Whether the trial court erred in ruling that the evidence was insufficient for a prima facie case at to possession with intent to deliver and conspiracy to commit [sic] possession with intent to deliver.

- 4 -

Brief of Appellant at 7.

The Commonwealth argues the trial court erred in finding Appellee lacked the requisite control of the contraband to establish possession because other occupants also were present in the apartment, for the fact that additional individuals were there at the time of the execution of the search warrant is not dispositive of whether Appellee had constructive possession of the contraband. Brief of Appellant at 19. In addition, the Commonwealth urges that the quantity of drugs police discovered in the apartment was sufficient to establish a prima facie case of possession with intent to deliver the same. *Id*. at 21-23. The Commonwealth further posits that in light of existing caselaw, at a minimum, the evidence established Appellee had a shared criminal intent with his cohorts to commit possession with intent to deliver. *Id*. at 26.

At the outset, we recognize:

In reviewing a trial court's order granting a defendant's petition for writ of *habeas corpus*, we must generally consider whether the record supports the trial court's findings, and whether the inferences and legal conclusions drawn from those findings are free from error. A trial court may grant a defendant's petition for writ [of] *habeas corpus* after a preliminary hearing where the Commonwealth has failed to present a *prima facie* case against the defendant.

*Commonwealth v. Hilliard*, 172 A.3d 5, 10 (Pa.Super. 2017) (quotation marks and citations omitted). Further:

The evidentiary sufficiency of the Commonwealth's case, or lack thereof, is a question of law; as such, our scope of review is plenary. *Commonwealth v. Karetny*, [ ] 880 A.2d 505, 528 ( [Pa.] 2005). We have previously described the well-settled principles governing preliminary hearings, as well as the Commonwealth's concomitant burden, as follows:

The purpose of a preliminary hearing is to determine whether the Commonwealth has made out a *prima facie* case for the offenses charged. A *prima facie* case consists of evidence, read in the light most favorable to the Commonwealth, that sufficiently establishes both the commission of a crime and that the accused is probably the perpetrator of that crime.

The Commonwealth establishes a *prima facie* case when it produces evidence that, if accepted as true, would warrant the trial judge to allow the case to go to a jury. The Commonwealth need not prove the elements of the crime beyond a reasonable doubt; rather, the *prima facie* standard requires evidence of the existence of each and every element of the crime charged. Moreover, the weight and credibility of the evidence are not factors at this stage, and the Commonwealth need only demonstrate sufficient probable cause to believe that the person charged has committed the offense.

*Commonwealth v. Ouch*, 199 A.3d 918, 923 (Pa. Super. 2018) [ ].

*Commonwealth v. Perez,* 220 A.3d 1069, 1075 (Pa.Super. 2019) *(en banc)* (emphasis and footnote omitted), *appeal granted on other grounds*, March 2, 2020.

Furthermore, "[t]o demonstrate that a *prima facie* case exists, the Commonwealth must produce evidence of every material element of the charged offense(s) as well as the defendant's complicity therein." *Commonwealth v. Dantzler*, 135 A.3d 1109, 1112 (Pa.Super. 2016) (citation omitted). The Commonwealth may sustain its burden of proving

every element of the crime(s) by means of wholly circumstantial evidence. *Commonwealth v. Hansley*, 24 A.3d 410, 416 (Pa.Super. 2011). However, "we have also noted that suspicion and conjecture are not evidence and are unacceptable as such." *Commonwealth v. Holston*, 211 A.3d 1264, 1269 (Pa.Super. 2019) (*en banc*) (citation omitted). "Where the Commonwealth's case relies solely upon a **tenuous inference** to establish a material element of the charge, it has failed to meet its burden of showing that the crime charged was committed." *Id.* (citation omitted, emphasis in original). "To meet its burden, the Commonwealth may utilize the evidence presented at the preliminary hearing and also may submit additional proof." *Dantzler*, 135 A.3d at 1112 (citation omitted).

The Crimes Code defines Possession with Intent to Deliver (PWID) as follows:

> Except as authorized by this act, the manufacture, delivery, or possession with intent to manufacture or deliver, a controlled substance by a person not registered under this act, or a practitioner not registered or licenses by the appropriate State board, or knowingly creating, delivering or possessing with intent to deliver, a counterfeit controlled substance.

35 P.S. § 780-113(a)(30). This Court has explained the evidence necessary to sustain a PWID conviction under 35 P.S. § 780-113(a)(30) as follows:

> The Commonwealth establishes the offense of [PWID] when it proves beyond a reasonable doubt that the defendant possessed a controlled substance with the intent to deliver it.
> To determine whether the Commonwealth presented sufficient evidence to sustain [a defendant's] conviction for [PWID], all of the facts and circumstances surrounding the possession are relevant and the elements of the crime may be

established by circumstantial evidence. Furthermore, possession with intent to deliver can be inferred from the quantity of the drugs possessed along with the other surrounding circumstances.

***Commonwealth v. Little***, 879 A.2d 293, 297 (Pa.Super. 2005) (internal citations omitted).

Possession may be proved "by showing actual possession, constructive possession, or joint constructive possession." ***Commonwealth v. Hall***, 199 A.3d 954, 960 (Pa.Super. 2018). Constructive possession is the ability to exercise a conscious dominion over the contraband. It usually comes into play when police find contraband somewhere other than on the defendant's person. Constructive possession requires proof that the defendant had knowledge of the existence and location of the item. The Commonwealth may prove such knowledge circumstantially. That is, it may prove that the defendant had knowledge of the existence and location of the items at issue from examination of the totality of the circumstances surrounding the case, such as whether the contraband was located in an area usually accessible only to the defendant.

For the Commonwealth to prove constructive possession where more than one person has access to the contraband, the Commonwealth must introduce evidence demonstrating either the defendant's participation in the drug-related activity or evidence connecting the defendant to the specific room or areas where the drugs were kept.

***Id***. at 961 (cleaned up).

In addition, Conspiracy requires:

A person is guilty of conspiracy with another person to commit a crime if with the intent of promoting or facilitating its commission he (1) agrees with such other person or persons that they or one or more of them will engage in conduct which constitutes such crime or an attempt or solicitation to commit such crime; or (2) agrees to aid such other person or persons in the planning or commission of such crime or of an attempt or solicitation to commit such crime.

18 Pa.C.S.A. § 903(a).

- 8 -

In its Opinion, the trial court provides the following, brief rationale in support of its finding that the evidence has been legally insufficient to show PWID or conspiracy to PWID:

> "Factors in determining whether a defendant intended to deliver a controlled substance include the manner in which the controlled substance was packaged, the behavior of the defendant, the presence of drug paraphernalia, and large sums of cash found in possession of the defendant." *Commonwealth v. Sherrell*, 607 A.2d 767, 769 (Pa.Super. 1992). Trooper Fachet stated that the crack cocaine found in [Appellee's] dresser was an amount packaged that is commonly used for personal use and that no money was found on [Appellee] at the time of the search. *PHT, 33, 30*. "The quantity of the controlled substance is but one factor that courts look to in analyzing whether a defendant had the necessary intent to deliver a controlled substance. *Commonwealth v. Pagan*, 461 A.2d 321, 322 (Pa.Super. 1983). A scale was found near [Appellee] and the scale had less than a gram of residue on it. *PHT*, 17, 33. Possession of a small quantity of drugs, *by itself*, will not establish possession with intent to deliver…" *Commonwealth v. Smagala*, 383 Pa.Super. 466, 557 A.2d 347 (1989). There has been nothing further provided and based on the above reasoning, [Appellee's] Petition for Habeas Corpus in regards to not only Count 3, but also allegations of Conspiracy to PWID, is GRANTED.

Trial Court Opinion, filed 10/9/19, at 4 (emphasis in original). Following our review of the record, we disagree.

As stated previously, when executing a search warrant at 4600 4th Avenue Apartment 4, police observed Appellee in the dining room with Irving and Williams. A scale with suspected cocaine on top was located on the dining room table, and two to three ounces of cocaine were found in a nearby toilet. In addition to Appellee's own admission that he resided there, police

discovered a court document and packing slip bearing his name in the only bedroom in the apartment.

In light of this evidence viewed in a light most favorable to the Commonwealth and under the totality of the circumstances, we agree with the Commonwealth that "[i]t cannot be argued that [Appellee] was merely present in the apartment and didn't have the requisite control because there were other occupants in the apartment." Appellant's Brief at 19. To the contrary, we find that, at a minimum, such evidence establishes a *prima facie* case for the constructive and joint possession of the contraband found in the dining room, kitchen and toilet. **See Little, supra**. **Accord Hall**, **supra** at 961-62 (holding evidence was sufficient to establish constructive possession where police recovered drugs, scales, packaging material, and defendant's documents in a one-bedroom apartment).

The same holds true with regard to the possession with intent to deliver charge. In reaching its conclusion, the trial court disregarded the two to three grams of cocaine found in the toilet in Appellee's apartment and considered only the quantity of drugs found in the dresser drawer and on the scale. However, this evidence, along with the scale and other manufacturing materials found in the kitchen, the large quantity of cash discovered on Irving and Williams, and the proof of Appellee's residency, establish a *prima facie* case that Appellee constructively possessed a quantity of cocaine with an intent to deliver the same. **Id**.

Finally, the trial court's analysis is essentially devoid of any discussion pertaining to whether or not a conspiracy existed between Appellee and his codefendants. However, from the aforementioned web of evidence, viewed in the light most favorable to the Commonwealth, we find the Commonwealth established a *prima facie* case that Appellee, Irving and Williams had a shared criminal intent to sell the cocaine over which the three men exercised conscious dominion and control.

Prior to the execution of the search warrant, police observed Irving entering and exiting numerous areas of the apartment building as well as Appellee's residence. When officers entered Apartment 4, Appellee's admitted residence, Irving, Williams and he were found in the same room and in close proximity to the drugs and other contraband. Although Appellee did not have a large sum of cash on his person, Trooper Fachet explained that in his training and experience he had learned that an individual often allows a drug dealer to utilize his or her apartment to further the illegal enterprise. This circumstantial evidence establishes, at a minimum, that the Commonwealth put forth a *prima facie* case of conspiracy to commit possession with intent to deliver. **See Commonwealth v. Jones**, 874 A.2d 108, 122 (Pa.Super. 2005) (ruling circumstantial evidence of relationship with other occupant of a vehicle and joint access to contraband was sufficient to sustain conspiracy conviction).

Accordingly, we reverse the Order granting Appellee habeas corpus relief and remand for trial.

Order Reversed.  Case remanded.  Jurisdiction relinquished.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 4/22/2020